## CITY OF EAST ST. LOUIS
### v.
## BOARD OF TRUSTEES, etc.

1.  CITIES—LIMIT OF TAXATION—COMPELLING LEVY OF TAXES.— Money raised by taxation for general purposes in municipal corporations, must first be applied to the payment of current expenses. And where such corporation has levied the full amount of tax allowed by its charter, and such tax when collected will all be used in defraying the current expenses of the municipality, the court has no power to compel the levy of a tax in excess of the charter limit, for the payment of a judgment against the city.

2.  PRACTICE—TAKING LEAVE TO AMEND.—Taking leave to amend an answer is not a withdrawal of the answer, so that the defendant may not take advantage of error in sustaining exceptions thereto. It amounts to nothing more than that the attorney takes time to consider whether he will amend or stand by his pleading; and if he choose he may do the latter, and raise the objection on demurrer or exception in this court.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 2, 1880.

Mr. G. A. KOERNER and Mr. J. M. FREELS, for appellants.

Mr. CHARLES H. THOMAS, for appellees.

CASEY, J. The appellee filed a petition for a mandamus against appellant. The petition shows that at the January term, A. D. 1878, of the St. Clair Circuit Court, appellee recovered a judgment against appellant for the sum of $5,437.50. That the judgment was for money collected on account of dram-shop license, to which appellees were entitled by virtue of the provisions of the law incorporating appellant. That the petitioners have demanded payment of the said judgment. That

the appellant keeps in the hands of the treasurer a fund called the general fund, consisting in part of the money derived from dram-shop license. That appellant issues warrants, which circulate among the inhabitants, and that such warrants are received in payment of dram-shop licenses instead of cash. Prayer that a mandamus may issue requiring appellant to pay the judgment, and if there is no money on hand to pay such judgment, that a tax be levied for that purpose, or that appellant be required to receive nothing but lawful money for dram-shop licenses until a sufficient amount accumulates to pay said judgment. The answer of appellant denies that a judgment was recovered against it as alleged; denies that any demand was made as alleged; denies that it receives anything in payment of dram-shop licenses but lawful money and such certificates of indebtedness as by law it is compelled to receive; that appellant by its charter is limited in its power of taxation to a levy of ten mills on the dollar on the assessed value of the taxable property within its limits, and that the full amount of ten mills on the dollar on all the taxable property in the incorporate limits for the years 1878 and 1879 are not sufficient to meet the current expenses of appellant; that the said expenses cannot be curtailed; that they are necessary to keep the streets in repair, light and police the city, etc.; that appellant can incur no indebtedness by issuing bonds or warrants, because the present indebtedness of the city is already in excess of that which under the constitution it may incur, etc.

To this answer a general demurrer was filed, which was sustained by the court. The appellants obtained leave to file an amended answer, and having failed to do so, a default was taken and judgment that the court finds the allegations in the petition to be true, and that a peremptory writ of mandamus issue requiring appellants to pay the judgment, and in case there are no funds on hand to pay said judgment, to levy a tax before the first day of January, A. D. 1880, and certify the same to the County Court, etc. The errors assigned are, first, that the court erred in sustaining the demurrer. Second, the court erred in not carrying the demurrer back to the petition.

The answer denied every material allegation in the petition.

It denies that appellee had obtained any judgment, which was the foundation of the petition, and it set up new matter showing a limit to its power of taxation. The amount raised by a levy of ten mills on the dollar, in the year 1878, and to be raised by the same levy in the year 1879, are left blank, or are not stated, but there is an averment distinctly made that sums so raised are not and will not be sufficient to meet the current and necessary expenses of appellant. This defect in the answer may have been cause for a special demurrer, yet on a general demurrer it should have been held good. The appellant is a corporation existing by virtue of its charter. One of the provisions of its charter is a wise limitation on the power of taxation by the municipal authorities, forbidding a greater levy than ten mills on the dollar on the taxable property within the corporate limits. It is a well established doctrine that the money raised by taxation for general purposes in municipalities shall first be devoted to the payment of current expenses, otherwise, the existence of the municipality itself is endangered. The People, etc. v. Cairo, 50 Ill. 157.

The demurrer admits the allegations in the answer that are well pleaded; one of them is that a levy of ten mills to the dollar, the extent of appellant's power and authority, will not meet the indispensable current expenses. For present purposes that allegation is taken as true. Then the circuit court certainly had no power to compel a greater levy than that, nor did it have the power to divert the money so raised from the payment of current expenses. The court had no power to compel the city authorities to do that which the law forbid.

If the city authorities should exceed the power given them by the law of their organization and make a greater levy than ten mills on the dollar, it would be in the power of any citizen to enjoin that part of the taxes in excess of ten mills on the dollar as aforesaid.

The opinion of the writer hereof is that the demurrer should have been carried back and sustained to the petition. That the appellant existing only be virtue of its charter and having no powers except those conferred by a public law, the petition should show that it was not only the duty, but in the power of

appellant in the exercise of the authority given it to levy a tax sufficient to pay said judgment. But a majority of the court hold the petition substantially good.

It is claimed by the counsel for appellees, that appellant by taking leave to amend withdrew the answer and the right to take advantage of the ruling of the court on the demurrer was waived. Counsel has not referred us to any authority sustaining that view and after a very complete examination of the authorities we have been unable to find any authority fortifying the position, and neither do we regard it as good practice. Taking leave to amend amounts to nothing more than that the attorney takes time to consider and if satisfied that the ruling of the court is correct he may amend his answer if possible, and if satisfied that the ruling of the court is erroneous he may decline to answer further and stand by his pleading.

For these reasons the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.