LAURA E. SHIPPY, BY JOHN SHIPPY, HER NEXT FRIEND, v. GEORGE E. MASON, THOMAS WILSON, AND C. WILL HOWARD, SUPERVISORS OF THE CITY OF AU SABLE.

| 90 | 45 |
|----|----|
| 116 | 632 |

[See 65 Mich. 494; 85 Id. 280.]

*Municipal corporations—Judgment—Taxation.*

1. Since the repeal of Act No. 244, Laws of 1879 (How. Stat. §§ 1442-1446), which provided for the recovery of damages for injuries sustained by reason of defective highways, etc., and for the collection of judgments rendered thereon, by Act No. 264, Laws of 1887 (3 How. Stat. §§ 1446c-1446h), which covered the same subject but made no provision for such collection, a judgment in a suit brought under the 1879 act, but rendered after its repeal, must be enforced under Act No. 312, Laws of 1887 (3 How. Stat. § 8218), which provides generally for the collection of judgments against municipal corporations.

2. The common council of a city against which such a judgment is rendered has no power to pass upon its validity or prevent its assessment; nor is the approval of the board of supervisors of the county in which the city is situated necessary to the levy of such judgment; and while it is within the province of

the council to insert the amount of the judgment in its annual appropriation bill, and certify it to the clerk of the board of supervisors, which would be a very proper course to pursue, its neglect to take such action can neither defeat nor postpone the collection of the judgment.

3. No difficulty could arise in the apportionment of the judgment among the several wards of the city by the assessing officers, who are members of the board of supervisors, and who know, or can know by reference to the records of the board, the valuation of the several wards as equalized by the board as a basis for assessing State and county taxes, and upon which basis it is their duty to assess the city taxes, including said judgment.

*Mandamus.* Submitted January 12, 1892. Denied January 22, 1892.

Relator applied for *mandamus* to compel the respondents to assess a certain judgment upon the tax rolls of the city of Au Sable for the year 1891. The facts are stated in the opinion and foot-note.

*Elliott & McLean,* for relator.

*M. J. Connine,* for respondents.

PER CURIAM. The relator obtained judgment in the circuit court for the county of Wayne against the village (now city) of Au Sable for the sum of $10,500, which judgment was affirmed by this Court at the April term, 1891. 85 Mich. 280. The judgment remains unpaid and unsatisfied, and of legal effect.[1]

The relator caused to be served on and filed with each of the supervisors of the city of Au Sable—said supervisors being the assessing officers of said city—a certified transcript of the judgment, as required by Act No. 312, Laws of 1887. The common council of the city made

[1] The judgment was recovered in an action brought under Act No. 244, Laws of 1879, to recover damages for injuries sustained by reason of a defective cross-walk, but was rendered after the repeal of said act by Act No. 264, Laws of 1887.

no provision for the payment of this judgment, nor was the amount of the same certified by it to the clerk of the board of supervisors of Iosco county on or before the first Monday of October, 1891; and such board of supervisors did not direct that said judgment should be spread upon the assessment rolls of said city of Au Sable. The supervisors of said city refused to assess such judgment upon the tax rolls of their respective wards.

On the 9th day of November, 1891, the relator filed her petition in this Court, setting forth the above facts, among others; and alleging further that the said supervisors, the respondents herein named, were—

"Using every possible endeavor for the completion of the assessment and tax rolls of said city, and the placing of said tax rolls in the hands of the city collector of said city, without assessing said judgment, interest, and costs, at as early a day as possible, and before your petitioner can compel such assessment, for the evident purpose of deferring and defeating the collection, assessment, and payment of the same, and with the further intention of making it impossible for your petitioner to compel them to assess the same."

Relator also alleges a conspiracy between the common council, officers, and supervisors of said city to defeat the assessment and collection of said judgment; that said supervisors have threatened to resign as soon as the tax rolls are completed; and therefore prays for a writ of *mandamus* in the alternative, commanding the respondents and each of them to assess the amount of said judgment, interest, and costs upon the taxable property of said city, upon the assessment and tax rolls of 1891, or show cause why they do not do so.

The writ was granted as prayed, returnable on the first day of the present term. The respondents on this day answer, denying any conspiracy or any intention on their part to defeat or defer the assessment or collection of

said judgment, and excusing their non-action in the premises upon three grounds, namely:

1. For the reason that the city council has never authorized the same to be assessed.

2. The judgment was never reported to the board of supervisors of Iosco county as a tax to be assessed upon said city, and said board has never approved the same, or authorized the same to be assessed.

3. That the amount of the judgment, interest, and costs has never been apportioned among the three wards of the city.

It is not necessary that the common council shall authorize the assessment of this judgment. The common council has no power to pass upon its validity, or to prevent its assessment. It would be within the province of the council to insert the amount of this judgment in its annual appropriation bill, and to certify it to the clerk of the board of supervisors; and this would be a very proper thing to do; but by neglecting to do so it can neither defeat nor postpone its collection or assessment. If this action of the council were necessary, that body might nullify the judgments of this Court against the city.

Nor is the second reason tenable. The board of supervisors cannot, by any neglect or refusal to act upon the assessment of this judgment, defeat or defer its collection. Its approval is not necessary to its levy upon the taxable property of the city of Au Sable. The board of supervisors has no more power to nullify a judgment than has the common council. Act No. 312, Laws of 1887, plainly points out the manner of the assessment and collection of this judgment. How. Stat. § 1444, was not re-enacted in the law of 1887, and is therefore no longer in force. See Act No. 264, Laws of 1887, pp. 345, 346. Act No. 312, Laws of 1887, provides in substance that it shall be the duty of the supervisor or supervisors or as-

sessing officer or officers, upon receiving a properly certified transcript of a judgment against a city, to assess the same, "without any other or further certificate or certificates than such certified transcript or transcripts," as a part of the city tax, upon the taxable property of said city upon the then next tax roll of such city. The respondents admit that such transcripts were served upon them in time.

There could have been no difficulty about the apportionment. These respondents were members of the board of supervisors. They knew, or could have known by referring to the records of said board, what the valuation was of the several wards of the city as apportioned by the board as a basis for assessing the State and county taxes; and the city taxes should be assessed upon the same apportionment. It was simply a matter of calculation or computation, and these three respondents could have met together and made this computation, or each singly could have assessed the tax upon the property of his ward, in its due proportion to the other wards, based upon this apportionment. Their action, or rather non-action, has no excuse whatever. The reasons assigned for neglecting to spread this tax are frivolous.

It is too late too issue the writ for any effect upon the tax rolls of 1891, but we presume that the supervisors will do their duty in the premises, and spread the tax upon the assessment rolls this year.

The writ will not issue, but the costs of this motion will be taxed against the respondents.