HAMMOND v. PLACE.

1. MUNICIPAL CORPORATIONS—BONDS—REMEDIES—ESTOPPEL.

An objection that the owner of municipal bonds has no right
to put his claim thereon into judgment, but is limited to
*mandamus* to compel an assessment to pay them as they
become due, cannot be urged for the first time in a proceed-
ing to enforce the judgment.

2. SAME—RIGHTS OF ACTION.

But the objection is without force; since the right of the
owner to sue upon these bonds exists, notwithstanding an
amount sufficient to pay them has been included in prior
assessments, and has failed of collection or been misappro-
priated.

3. SAME—CONTRACTS—POVERTY AS DEFENSE.

Poverty is no more a defense to the enforcement of a just
demand against a municipal corporation than it is where the
defendant is a private corporation or an individual.

4. SAME—TAXATION.

The validity of a contract of a municipal corporation neces-
sarily involves the right to raise by taxation the amount for
which it thereby becomes obligated.

5. SAME—LIMIT OF TAXING POWER—JUDGMENTS—MANDAMUS.

Under 3 How. Stat. § 8218, providing that judgments rendered
against a municipality shall be assessed upon its taxable prop-
erty, and the amount thereof added to the other municipal
taxes, *mandamus* will lie to compel the levy of an assessment
to pay a judgment against a city, even though the rate of tax-
ation will thereby be increased beyond the limit established
by the charter.

6. SAME—STATUTES—AMENDMENTS TO CHARTER—CONSTRUCTION.

Act No. 354, Local Acts 1897, amendatory of the charter of
the city of North Muskegon, providing that, when the city
shall be unable to meet the payment of any judgment or
decree by reason of the limitation of its power of taxation, it

---

[1] The decision in this case ruled the companion cases of *Commer-
cial & Savings Bank of St. Clair* v. *Place* and *Boston & New York
Air Line Railroad Co.* v. *Place*, in which orders granting *man-
damus* were also affirmed.

shall be lawful for the council to issue bonds to pay the same, which shall not be disposed of at less than par value, is permissive merely, and does not impair the judgment creditor's right, under the general statute, to have his demand collected by assessment against the taxable property.

7. SAME—CONSTITUTIONAL LAW—IMPAIRMENT OF CONTRACTS.
It is beyond the power of the legislature, under the Constitution, so to limit the taxing power of a municipality as to preclude it from raising an amount necessary to satisfy its pre-existing legal obligations.

*Certiorari* to Muskegon; Russell, J.   Submitted April 6, 1898.   Decided April 19, 1898.

*Mandamus* by Henry B. Hammond and others to compel Charles S. Place, assessor of the city of North Muskegon, to assess against the taxable property of the city the amount of a judgment recovered by relators.   From an order granting the writ, respondent brings *certiorari*. Affirmed.

June 11, 1896, the relators recovered a judgment against the city of North Muskegon for $1,393.60.   They then applied to the respondent, the assessor, to place the amount of this judgment upon the tax roll for collection.   He refused.   They thereupon presented a petition to the circuit court for the county of Muskegon for a writ of *mandamus* to compel him to assess said amount.   The petition does not set forth what was the basis of the judgment. The answer admits all the allegations of the petition, except that it denies that the petitioners have no other legal remedy.   It further sets forth that the bonded indebtedness of the city is $35,000; that its assessed valuation is $33,000; that the officers of the city have from year to year spread upon the assessment rolls such amount as was deemed sufficient to pay the interest and bonds as they became due; that there is now due over $25,000 in delinquent taxes; that the assessment of this judgment will place taxation above the rate allowed by the charter,

viz., 3 per cent. The court granted the writ, and the respondent brings *certiorari*.

*H. L. Delano*, for relators.

*Philip W Niskern*, City Attorney (*George S. Love-lace*, of counsel), for respondent.

GRANT, C. J. (*after stating the facts*). 1. No claim is made that these bonds were not valid when issued. Counsel insist that the sole remedy possessed by the persons holding them was by *mandamus* to compel an assessment as they became due. If this were a defense, it should have been raised in that suit. The position, however, is untenable. Even if an amount sufficient to pay them had been included in prior assessments, and had failed of collection, or had been collected and misappropriated, this would not bar the right of the holders to sue upon their bonds. *Ralls County Court* v. *U. S.*, 105 U. S. 733.

2. Is it a good defense that the result of this assessment will increase taxation beyond the rate allowed by the charter? The charter of the respondent has been several times amended and revised. It has always contained a limit to the rate of taxation. The charter of 1895, at present in force, limits the amount that may be raised by general taxation "for the purpose of defraying the general expenses and liabilities of the corporation, and for all purposes for which the several general sums hereinbefore mentioned are constituted," to 3 per cent. on the assessed valuation. Act No. 466, Local Acts 1895, chap. 10, § 4. The general sums before mentioned are the contingent fund, the sinking fund, to pay the bonded indebtedness of the city and interest thereon, the fire-department fund, water fund, highway fund, poor fund, and police fund.

The validity of these bonds is conceded. When they were issued, does not appear. It is fair to presume that they were issued when the city was prosperous, and had prospects of permanent prosperity. It depended largely

upon its sawmills and perhaps other manufactories. They have removed to a very large extent, and property has depreciated. Poverty, however, is no more a defense against just debts in a municipal corporation than in any other corporation or an individual. The validity of a contract made by a municipal corporation necessarily involves the right to raise by taxation the amount which it has agreed to pay  " The right to contract must be limited by the right to tax, and if, in the given case, no tax can be lawfully levied to pay the debt, the contract is void for want of authority to make it." ᵼ *Citizens', etc., Loan Ass'n* v. *City of Topeka*, 20 Wall. 655. The contract in this case being conceded to be valid, it follows that the only method by which it can be paid, viz., by taxation, is open to the payee. Taxation is the sole method provided by law for the payment of such debts. Execution cannot issue against the municipality. The proceeding by the writ of *mandamus* to compel payment of the judgment, or of the bonds without a judgment, is in the nature of an execution, and the only remedy open to the creditor. Creditors of a municipal corporation are, of course, chargeable with notice that any limitation to taxation controls, and cannot be exceeded. It is therefore held that, where the power to provide for the payment of bonds is limited to an annual special tax of one-twentieth of 1 per cent. by the statute itself authorizing the issue of the bonds, a levy of taxes beyond that amount cannot be authorized. *State, ex rel. Watkins,* v. *Macon County Court*, 68 Mo. 29; *U. S.* v. *County of Macon*, 99 U. S. 582. So the constitutional limitations as to rate of taxation must control. *Grand Island, etc., R. Co.* v. *Baker*, (Wyo.) 45 Pac. 494; *City of Sherman* v. *Smith*, 12 Tex. Civ. App. 580. Our Constitution imposes upon municipalities no limitation to taxation, but leaves that power in the legislature. So, also, where the law provided that "the aggregate of all taxes levied or ordered by any corporation shall not exceed 16 mills," it was held that the assessor would not be compelled by the writ

of *mandamus* to enforce a tax levied in excess of that amount. *State, ex rel. City of Cincinnati,* v. *Humphreys,* 25 Ohio St. 520; *City of East St. Louis* v. *Board of Trustees,* 6 Ill. App. 130. Our own court holds the same doctrine. *Ironwood Waterworks Co.* v. *City of Ironwood,* 99 Mich. 454.

None of these cases, however, involve the enforcement of the payment of bonds valid when issued, and merged in judgments. The contention means this: That the municipality may avoid its legal obligations by the reduction of its valuation, and making its running expenses equal to the limit of taxation. This is practical repudiation. Whether the valuation of the property of this city at $33,-000 was reached by the same methods as were severely condemned by this court, speaking through Justice COOLEY, in *Wattles* v. *City of Lapeer,* 40 Mich. 624, we do not know, since there is no explanation in the record. Whether, however, this singular result would follow from a strict construction of the limitation clause in its charter, we need not determine. Possibly in contemplation of such results, a special statute was enacted, providing for the assessment of judgments rendered against municipalities. 3 How. Stat. § 8218. This statute provides that judgments rendered against municipalities shall be assessed by the assessing officers upon its taxable property, and the amount thereof added to the other municipal taxes. It was enforced in *Shippy* v. *Mason,* 90 Mich. 45. It clearly provides for the payment of judgments, exclusive of the limitations to taxation established by municipal charters.

It is, however, seriously urged that the above act is repealed, so far as the city of North Muskegon is concerned, by an amendment to its charter passed in 1897. It was there provided that, when the city shall be unable to meet the payment of any judgment or decree by reason of the limitation of its power of taxation, it shall be lawful for the council to issue bonds to pay the same, which shall not be disposed of at less than par value. Act No.

354, Local Acts 1897, chap. 11, § 9. Under the state of facts set up in the answer of the respondent, the issue of bonds to meet this and the other judgments against the city would be useless. They could not be sold at any price. This amendment, however, does not attempt to repeal the general statute, but only makes it lawful for the common council to meet the payment in another way. The general statute remains in full force. If the legislature had passed an act designed to aid the municipality in avoiding its legal obligations, courts would not hesitate to declare it inoperative and void, as impairing the obligation of contracts. Mr. Justice COOLEY thus forcibly states the doctrine:

"It is possible, however, that the State itself may so far sympathize with a debtor municipality as to be disposed to aid it in its obstructive methods to prevent collection; and it may seek to do this by so limiting the municipal power to tax that it shall be impossible for it to pay its debts by taxes raised within the legal limit. Where such obstruction has been attempted, however, it has been judicially determined that the limitation of the power to tax under such circumstances was an impairment of the obligation of contracts, and therefore inoperative. The argument, shortly stated, is that the State, in conferring upon its municipalities the power to contract debts and to levy taxes for their satisfaction, impliedly contracts with those who become creditors in reliance upon the power, that such power shall not, while their demands remain unpaid, be so limited, impaired, or hampered as to preclude the municipality providing for and satisfying such demands according to their terms. Any subsequent legislation, therefore, which could have such injurious effect upon the interests of creditors, and deprive them of the resource of taxation, which they had a constitutional right to rely on, will be treated as inoperative and void, and a levy of taxes may be compelled, as it might have been if no such legislation had been attempted." Cooley, Tax'n (2d Ed.), 76.

It follows that the judgment of the court below was correct, and it is affirmed.

The other Justices concurred.