### Henry D. Laughlin et al. v. Edward B. Leigh et al.

1. CHANCERY PRACTICE—*To Become a Party to a Bill, One Must Do More Than Merely Obtain Leave to Become a Party.*—A party of his own motion does not become a party complainant to a sworn bill upon which an injunction has been issued *ex parte* by merely obtaining leave to become a party. He must file some writing in the cause binding him to the allegations and responsibilities of a litigant.

**Bill for an Injunction,**—Appeal from an interlocutory order of the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed April 14, 1903.

In this case, a bill having been filed by the National Hollow Brake Beam Company against Edward B. Leigh and others, alleging that the defendants, among other things, were falsifying its records and about to use their apparent authority as directors to injuriously affect the property and interests of the complainants, January 16, 1902, the court appointed a receiver for the National Brake Beam Company, and ordered, among other things, the following :

" It is thereupon ordered and decreed that Frank D. Ketcham be appointed receiver, with power to demand, receive and take all the property, choses in action and effects of the complainant now in the possession and custody of the defendant Leigh, as shown in the list attached to said bill and marked 'Exhibit B,' and with power to have and receive all the moneys of the complainant on deposit in the American Trust & Savings Bank, all subject to the further order of the court.

It is further ordered that Leigh, and all parties to this suit, and all persons and corporations in possession of said moneys, property or effects, forthwith surrender the same to said receiver.

It is further ordered that the injunction issue enjoining Leigh from refusing to surrender said property to the receiver, and enjoining him from making any entries in any of the books of the complainant now in his hands, also from acting, or attempting to act, as secretary or treasurer, and from doing any act or acts as such secretary or treasurer for the company or on its behalf.

It is further ordered that an injunction issue enjoining Burkhardt, Ahrens and Geer from acting, or attempting to act, as directors of complainant, and from doing any act in its name or behalf, and that an injunction issue enjoining Leigh from acting, or attempting to act, as a director in conjunction with Burkhardt, Ahrens or Geer, and from in any manner acting, or attempting to act, except in conjunction with the board of directors, consisting of Henry D. Laughlin, E. A. Laughlin, Kern, Tichenor and Fay; that an injunction issue enjoining and restraining Leigh, Burkhardt, Ahrens, Geer, Tichenor and Fay from holding any directors' meeting or transacting any business for the company at any place or places other than the regular office of the company, at 1023 Monadnock block; that said injunctions remain in force until the further order of the court, with leave to the defendants, or either of them, to move for a dissolution thereof, according to law and the rule and practice.

It is further ordered that the receiver, before proceeding to act as such, file bond in the penal sum of $25,000, and that before the injunction issue it is ordered that the complainant file bond in the penal sum of $5,000."

Thereafter a motion was made to dissolve the injunction and discharge the receiver; upon the hearing of which the court made the following order:

" Recites that the cause came on to be heard upon the motion of Leigh, Burkhardt, Ahrens and Geer to dissolve the injunction and discharge the receiver, and was heard upon the pleadings and affidavits attached thereto and other affidavits filed herein; that the court, being fully advised in the premises, grants leave to Henry D. Laughlin to amend said bill by becoming a party complainant without prejudice to said injunction and receivership.

On motion of said defendants it is further ordered that none of the parties hereto take any steps to do anything in the name of said corporation without first giving notice to all the parties hereto, or their solicitors of record, and

obtaining leave of court, after hearing the parties so interested.

And the court overrules the motion of said defendants to dissolve said injunction and discharge said receiver."

From the last mentioned order, forbidding any of the parties taking any steps to do anything in the name of said corporation without first giving notice to all the parties thereto or their solicitors of record and obtaining leave of court after hearing the parties so interested, this appeal is prosecuted.

A motion is made by appellees to dismiss the appeal by Henry D. Laughlin.

DEFREES, BRACE & RITTER, attorneys for appellants.

JOHN P. AHRENS and DAVID S. GEER, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The appeal by Laughlin must be dismissed. Leave was given him to become a party complainant, but he never availed himself of such leave. He neither filed a bill of complaint, nor adopted as his own the bill filed by the National Brake Beam Company, or any portion thereof.

" A party, of his own motion, does not become a party complainant to a sworn bill upon which an injunction has been issued *ex parte* by merely obtaining leave to become a party. He must file some writing in the cause binding him to the allegations and responsibilities of a litigant." City of East St. Louis v. Board of Trustees, 6 Ill. App. 130–133.

In behalf of appellants it is urged that the injunctional order of July 16th, restraining all parties, thus including the complainants, was made without any cross-bill or pleading asking for such order. The injunctional order of July 16th, from which this appeal is prosecuted, was made at the conclusion of the hearing upon the motion made by the defendants to discharge the receiver and dissolve the injunction theretofore obtained by the complainant, and is properly to be considered as a condition imposed by the

court to the further continuance of the injunction and the receivership obtained by appellant, instead of dismissing this bill, as the court might have done when the court made such order, no cross-bill then having been filed. Appellant has and is yet availing itself of the injunction and receivership by it obtained, which it is manifest the court allowed to continue only upon adding thereto the restraining order of July 16th.

The appeal of Henry D. Laughlin is dismissed. The injunctional order appealed from is affirmed.

Mr. Justice BURKE took no part in this case.