COOPER, WELLS & CO. v. CITY OF ST. JOSEPH.

1. STATUTES—LEGISLATURE MAY NOT TIE HANDS OF FUTURE LEGISLATURES.
    The act of one legislative body does not tie the hands of future legislatures.[1]

2. TAXATION—HIGHWAYS AND STREETS—LIMITATION OF TAXATION IN ONE ACT NOT APPLICABLE TO OTHERS.
    The limitation of taxation in Act No. 283, Pub. Acts 1909, providing for a system of county and good roads districts, may not be applied to all other systems for highway construction and maintenance provided for by later acts of the legislature, nor may it be said that the legislature of 1909 intended to limit, except as it was limited by the Constitution, the amount which might be expended for highway construction and maintenance that might be provided for by later acts adopted by later legislatures.[2]

3. SAME—EXCESS OF TAXES FOR HIGHWAY PURPOSES OVER CONSTITUTIONAL LIMITATION INVALID.
    Where a levy for highway purposes in a certain county

[1]Statutes, 36 Cyc. p. 1069; [2]Highways, 29 C. J. §§ 494, 498.

exceeded the limit fixed in the Constitution (Art. 8, § 26), the trial judge properly held that it was invalid as to such excess, and that a taxpayer who had paid it under protest was entitled to recover same in an action therefor.[3]

4. SAME—CONSTITUTIONAL LIMITATION OF TAXATION FOR PARTICULAR PURPOSE APPLIES TO TAXATION TO PAY DEBTS.

Where the Constitution limits the rate of taxation for a particular purpose, such limitation also applies to and limits taxation to pay debts created for that specific purpose.[4]

5. SAME—CONSTITUTIONAL LIMITATION OF TAXATION NOT APPLICABLE TO SPECIAL ASSESSMENTS.

A constitutional limitation of taxation is not applicable to special assessments.[5]

6. SAME—DEFINITION—WORDS AND PHRASES.

Taxes are the enforced proportional contributions from persons and property levied by the State by virtue of its sovereignty for the support of government and for all public needs.[6]

7. SAME—SPECIAL ASSESSMENTS—BENEFITS TO PROPERTY.

A special assessment is in the nature of a tax upon property levied according to benefits conferred on the property.[7]

8. MUNICIPAL CORPORATIONS — CONSTRUCTION OF HIGHWAYS A GOVERNMENTAL FUNCTION.

The construction and maintenance of highways is the discharge of a governmental function.[8]

9. TAXATION—SPECIAL ASSESSMENT.

The proportionate sum laid upon the county at large to pay for the construction of highways under the Covert act (Act No. 59, Pub. Acts 1915, as amended), is a tax, and the sum laid upon the real estate specially benefited by the improvement is a special assessment.[9]

Error to Berrien; Warner (Glenn E.), J., presiding. Submitted July 15, 1925.  (Docket No. 109.)  Decided October 1, 1925.

Assumpsit by Cooper, Wells & Company against the

[3]Highways, 29 C. J. § 494; [4]Taxation, 37 Cyc. p. 763; [5]Id., 37 Cyc. p. 712; [6]Id., 37 Cyc. p. 706; [7]Assessments, 5 C. J. § 3; [8]Highways, 29 C. J. § 309; [9]Taxation, 37 Cyc. p. 713.

city of St. Joseph and the county of Berrien for taxes paid under protest. From the judgment rendered, all parties bring error. Affirmed.

*Stratton & Evans* and *Arthur E. Leckner,* for plaintiff.

*George H. Bookwalter,* for defendant city.

*Rolland E. Barr,* for defendant county.

FELLOWS, J. This is an action brought to recover highway taxes paid under protest in which judgment was rendered for a part of plaintiff's claim and which judgment is reviewed by both parties. Berrien county was at the time the tax was levied operating under the county road system and its assessed valuation was $68,717,104. The board of supervisors authorized taxes to be levied upon the real and personal property of the county as follows:

"Item 15—Berrien county Covert road........$219,325.69
Item 16—Berrien county two-mill tax........ 137,434.20
Item 17—State one-mill tax—road........... 68,717.10
Item 18—State Road No. 359................ 1,603.44
Item 20—Scottdale bridge tax, one-mill...... 68,717.10
           Interest, county road bonds....... 19,200.00"

Item 15 was to pay the amount assessed against the county at large, and anticipated by the issuance of bonds under the provisions of the Covert act, so-called (Act No. 59, Pub. Acts 1915 [1 Comp. Laws 1915, § 4671 *et seq.*], as amended). Item 16 was for general county highway construction and maintenance. Item 17 was for trunk line highways under the provisions of Act No. 19, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4859 [1-10]). Item 18 was inadvertently omitted from the levy. Item 20 was for the improvement as a county highway of an abandoned strip of Pere Marquette right of way.

232—Mich.—17.

The last item was for interest on bonds issued for general highway purposes and was included in the "county tax."

We shall first consider plaintiff's claims for reversal. It is insisted by its counsel that Act No. 283, Pub. Acts 1909 (1 Comp. Laws 1915, § 4287 *et seq.*), and particularly section 4343, as amended by Act No. 367, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4359), limits the amount which may be raised for all highway purposes in Berrien county to three mills on the dollar, and that, therefore, all sums levied in addition to this amount are invalidly levied and may be recovered back in this action.    We shall not attempt a review of all the provisions of the act of 1909 and its various amendments and it will suffice to say that it provided a comprehensive scheme of highway improvement by counties and good roads districts and limited the tax for such purpose to the amount fixed in the then constitutional provisions to which we shall presently refer.    Quite likely the legislature of 1909 deemed the system adequate for demands for highway construction, but the act of one legislative body does not tie the hands of future legislatures, and the persistent demands for more good roads led to the adoption of other systems for highway construction.    By Act No. 334, Pub. Acts 1913 (1 Comp. Laws 1915, § 4851 *et seq.*), a State-wide system of trunk line highways was provided for, and by Act No. 59, Pub. Acts 1915 (1 Comp. Laws 1915, § 4671 *et seq.*), a system  similar to the one found in our drain law (*Loomis* v. *Rogers,* 197 Mich. 265) was made applicable to the construction of highways.

Can it be said that the limitation of taxation found in the act providing for a system of county and good roads districts applies to all other systems for highway construction and maintenance?    We think not. Can it be said that the legislature of 1909 intended

to limit, except as it was limited by the Constitution, the amount which might be expended for highway construction and maintenance that might be provided for by later acts adopted by later legislatures? We think not. The limitation found in the act of 1909 was a limitation on the expenditures under that act but it was not a limitation upon expenditures under acts passed by later legislatures providing different systems. It is true the legislature has attempted to co-ordinate highway legislation and highway construction and maintenance. When trunk lines are built under the system devised for their construction they are taken over as county roads. (*Baird* v. *Board of Sup'rs of Saginaw Co.*, 226 Mich. 80; *Longstreet* v. *County of Mecosta*, 228 Mich. 542) ; much of the machinery and administrative features of the act of 1909 are by express terms made available for proceedings under the other systems devised in the other acts, but the legislature has not expressly adopted in the later acts the limitation of taxation found therein, possibly because a limit has been fixed by the people in the Constitution, and without judicial legislation we can not engraft it upon later laws. Plaintiff's assignments of error are, therefore, overruled.

The plaintiff's counsel contend, and the trial judge held, that inasmuch as the aggregate of the items for highway purposes above enumerated exceeded the limit fixed in the Constitution, the levy was invalid as to such excess and plaintiff was entitled to recover the amount paid beyond the constitutional limit. This brings us to defendants' claim for reversal. Section 26, art. 8 of the Constitution of 1908, as amended in 1917 (Pub. Acts 1917, p. 939 [Comp. Laws Supp. 1922, p. 9]), contains the following provision:

"The tax raised for road purposes by counties shall not exceed in any one year five dollars upon each one thousand dollars of assessed valuation for the preceding year."

Defendants' counsel does not controvert the claim of plaintiff's counsel that the constitutional limitation includes the payment of bonds issued for highway purposes. In 1 Cooley on Taxation (4th Ed.), p. 360, it is said:

"Where the Constitution limits the rate of taxation for a particular purpose, such limitation also applies to and limits taxation to pay debts created for that specific purpose."

But invoking the well recognized rule that a constitutional limitation of rate of taxation is not applicable to special assessments, defendants' counsel insist that the levy upon the county at large in proceedings under the Covert act is not the levy of a tax but the levy of a special assessment and, therefore, not within the constitutional inhibition. Defendants' counsel have made a most ingenious argument to sustain this contention, but we are not persuaded that we should follow it. A definition of taxes which has been frequently approved and has become known as "Cooley's definition" (1 Cooley on Taxation [4th Ed.], p. 61) is as follows:

"Taxes are the enforced proportional contributions from persons and property, levied by the State by virtue of its sovereignty for the support of government and for all public needs."

The same work defines special assessments as follows:

"A special assessment is in the nature of a tax upon property levied according to benefits conferred on the property." 1 Cooley on Taxation (4th Ed.), p. 105.

It was thus tersely stated by the supreme court of California in *Holley* v. *County of Orange,* 106 Cal. 420 (39 Pac. 790):

"A charge imposed by law upon the assessed value of all property, real and personal, in a district is a

tax, and not an assessment, although the purpose be to make a local improvement on a road."

In *Town of Macon* v. *Patty,* 57 Miss. 378 (34 Am. Rep. 451), will be found an able and exhaustive opinion by Chief Justice George. In the course of it he said, speaking for the court:

"A local assessment can only be levied on land; it cannot, as a tax can, be made a personal liability of the taxpayer; it is an assessment on the thing supposed to be benefited. A tax is levied on the whole State, or a known political subdivision, as a county or town. A local assessment is levied on property situated in a district created for the express purpose of the levy, and possessing no other function, or even existence, than to be the thing on which the levy is made. A tax is a continuing burden, and must be collected at stated short intervals for all time, and without it government cannot exist; a local assessment is exceptional both as to time and locality,—it is brought into being for a particular occasion, and to accomplish a particular purpose, and dies with the passing of the occasion and the accomplishment of the purpose. A tax is levied, collected, and administered by a public agency, elected by and responsible to the community upon which it is imposed; a local assessment is made by an authority *ab extra.* Yet it is like a tax, in that it is imposed under an authority derived from the legislature, and is an enforced contribution to the public welfare, and its payment may be enforced by the summary method allowed for the collection of taxes. It is like a tax, in that it must be levied for a public purpose, and must be apportioned by some reasonable rule, among those upon whose property it is levied. It is unlike a tax, in that the proceeds of the assessment must be expended in an improvement from which a benefit clearly exceptive and plainly perceived must enure to the property upon which it is imposed, or else the courts will interfere to prevent its enforcement."

Turning to the Covert act it will be noted that a special assessment district is provided for and

"The county road commissioners or the State highway commissioner shall apportion the per cent. of the total cost of construction of such improvement, which the county at large shall be liable to pay by reason of the benefit to the public convenience and welfare, and as a means of improving the highway." *   *   *

This provision appeared in section 17 of the original act and was carried through various amendments and appears in Act No. 96, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4687).

In the recent case of *Gunther* v. *County Road Commissioners,* 225 Mich. 619, we reviewed the authorities at length and held that the construction and maintenance of highways was the discharge of a governmental function. The sum laid upon the county at large for the discharge of this governmental function and for "the benefit to the public convenience and welfare," must, under the authorities cited, be held to be a tax, and the sum laid upon the real estate specially benefited by the improvement must be held to be a special assessment.

Two of our cases cited by defendants' counsel should be considered. In *City of Detroit* v. *Weil,* 180 Mich. 593, it was held that all the real estate of a city might be included in a special assessment district for a local improvement but it was there pointed out that special assessments as a rule were not levied upon personal property but upon the real estate benefited alone. That is an entirely different holding than we are asked to make here, *i. e.,* that a levy upon all the taxable property of a county, both real and personal, in the discharge of a governmental function and for the public convenience and welfare, is but a special assessment. In *Hammond* v. *Place,* 116 Mich. 628 (72 Am. St. Rep. 543), the local act creating the city contained a limit of taxation; in its more prosperous days the city had validly issued bonds; a judg-

ment on one of them had been obtained; the levy of a tax sufficient to pay it would be in excess of the limit fixed in the local act, but a general act required such levy to be made. This court gave effect to the general act, and said:

"This statute provides that judgments rendered against municipalities shall be assessed by the assessing officers upon its taxable property, and the amount thereof added to the other municipal taxes. It was enforced in *Shippy* v. *Mason*, 90 Mich. 45. It clearly provides for the payment of judgments, exclusive of the limitations to taxation established by municipal charters."

Here the limitation is fixed in the Constitution and beyond it neither the State nor local authorities, nor the legislature itself, may go. The defendants' assignments of error are overruled.

The judgment will be affirmed. As both parties sued out writs of error, no costs will be allowed.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.