MUNICIPAL FINANCE COMMISSION v. MARQUETTE
TOWNSHIP SCHOOL DISTRICT BOARD OF EDUCATION.

1. SCHOOLS AND SCHOOL DISTRICTS—INCREASED ASSESSMENT—BOND
RETIREMENT FUND—IGNORANCE—MISTAKE.
School district which proceeded to obtain approval for bonds from
State's municipal finance commission, advertised for their sale
and sold them after having been apprised of 77% increase
of property valuation by the State tax commission, may not
claim ignorance or mistake of the fact that such action by the
tax commission would materially affect the bond retirement
fund.

2. MANDAMUS—DISCRETION OF COURT.
Issuance of a writ of mandamus is a matter of grace or discretion.

3. SAME—HARDSHIP.
Courts will not overlook a violation of a clear and unequivocal
public duty even though the performance of such duty pur-
suant to a writ of mandamus may result in hardship.

4. MUNICIPAL CORPORATIONS—CONTRACTS—POVERTY AS DEFENSE.
Poverty is no more a defense to the enforcement of a just demand
against a municipal corporation than it is where defendant is
a private corporation or an individual.

5. MANDAMUS—NATURE OF REMEDY—DISCRETION OF COURT.
A mandamus in a case where the duty of a public officer is absolute
and specific is no more a matter of discretion than any other
remedy.

6. SCHOOLS AND SCHOOL DISTRICTS—CONTRACTS—BONDS.
Proceedings taken by a school district, including the election and
the adoption of the board's resolutions, which led to the sale
of the bonds, became parts of a contract between the school
district and the holders of its bonds.

7. SAME—BONDS—MUNICIPAL FINANCE COMMISSION—MANDAMUS—
TAXATION—CONTRACTS.
The municipal finance commission properly sought assistance of

REFERENCES FOR POINTS IN HEADNOTES
[1, 7] 34 Am Jur, Mandamus §§ 126, 127, 201.
[2] 34 Am Jur, Mandamus § 40.
[3] 34 Am Jur, Mandamus §§ 34, 35.
[5, 7] 34 Am Jur, Mandamus § 70.
[8] 14 Am Jur, Costs § 91.

the Supreme Court by way of mandamus to compel school district to levy a tax in compliance with contracts it had made for bond issue which had been approved by the plaintiff, even though the levy which had been authorized and contracted to be made was substantially more than sufficient to retire currently maturing obligations; it being the duty of the commission to enforce compliance with the provisions of the contract (CL 1948, § 132.2).

8. Costs—Public Question—Schools and School Districts—Taxation—Mandamus.

No costs are allowed in mandamus proceeding by municipal finance commission against a school district to compel levy of tax pursuant to obligation therefor in connection with bond issue, a public question being involved.

Mandamus by Municipal Finance Commission, a commission of the State of Michigan, against Board of Education of Marquette Township School District, Marquette County, State of Michigan, to compel levy of 19 mills for redemption of certain bonds. Submitted September 1, 1953. (Calendar No. 45,896.) Writ granted October 5, 1953.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General, for the plaintiff.

*John J. Walsh,* for defendant.

*Miller, Canfield, Paddock & Stone, amicus curiae.*

Adams, J. On August 11, 1949, the electors of Marquette township school district, Marquette county, at an election called and held in accordance with statute, approved a proposition to borrow $150,000 for the construction of a new school and to issue bonds in like amount. At the same time the electors adopted a proposition to increase the limitation on taxes assessed on property in the

school district by 1.9% of the assessed valuation, as equalized, for a period of 20 years for the purpose of providing funds to pay the principal and interest to become due on the bonds when issued.

Following the election, the board of education of Marquette township school district, defendant herein, adopted resolutions providing for the issuance of the bonds, establishing a depository for bond retirement funds and setting up a schedule for bond payments. In order to obtain the funds required to retire the bonds, the board provided for an additional tax levy in the following manner:

"Resolved further, that * * * there be levied upon the tax rolls of said school district each year, commencing with the year 1949, not less than $19 on each $1,000 of assessed valuation of the school district, as equalized, for the purpose of paying the principal of and interest on said * * * bonds."

At the time that the board of education met and adopted the several resolutions above mentioned, the last assessed valuation of all property in the township was $1,043,575. Shortly thereafter the Michigan State tax commission, which at the request of the board of supervisors of Marquette county had been revaluing the taxable property in that county, established a valuation of $1,803,960 for the taxable property of Marquette township, an increase of approximately 77% in assessed valuation. Notwithstanding the increase in valuation, the board of education proceeded with its program as planned and filed an application with the Municipal Finance Commission, plaintiff herein, requesting approval of the bond issue. In the application, it listed the new equalized valuation of the taxable property of the township as established by the State tax commission. The plaintiff commission approved the application of the township school district for permission to is-

sue bonds and subsequently bonds were offered for sale by the school district and sold.

In conformity with its resolution, the board of education included an additional 19 mills in the tax levy for 1949 for the purpose of paying principal and interest on the bonds. The return from that first year's levy of taxes for the retirement of bonds was larger than the board had anticipated and provided a substantial amount over and above requirements for the payment of principal, interest and for minimum reserves. Apparently the impact of the increased tax assessment upon the property owners in the township was severe. It is referred to in defendant's answer as a "terrific load" and a "crushing burden" on the property owners. Convinced that the tax levy established by resolution was excessively high, the board levied only 10 mills in 1950 for the payment of principal and interest on bonds and required reserves. Eight mills were levied in 1951 and 11 mills in 1952.

The plaintiff commission called to the defendant's attention its failure to levy taxes in accordance with its bonding resolution, and the defendant having refused to increase the levy to the amount as fixed therein, this action was commenced praying that a writ of mandamus issue commanding the board of education to cause to be included in the annual tax levy for the year 1953 and subsequent years such amounts as were provided in the bonding resolution.

Defendant board of education in its answer concedes the facts alleged in plaintiff's petition but says that a writ of mandamus should not issue at this time because the issuance of such writ, being a matter of grace and not of right, would place upon the property owners of Marquette township an intolerable burden with no resulting benefit to bondholders. The basis for its claim that no benefit would accrue to the

bondholders is the conceded fact that present reserves in the bond retirement fund exceed the minimum requirements as established in the bonding resolution. It is conceded, too, that if property assessments remain at substantially the present level, income from a 19-mill levy will produce sufficient funds to retire the bond issue several years before the maximum maturity date. Plaintiff, however, says that the early retirement of the bonded indebtedness could have been anticipated by bond purchasers and may have induced the admittedly low interest rate obtained by the school district when the bonds were sold.

We are here presented with a municipality which concedes that it has agreed to do certain things in return for the loan of money but now seeks to avoid those commitments because their performance would impose a heavy burden upon the property owners in the affected area. No claim is made that any wrongful acts or error occurred in the process of issuing the bonds or in the disposition of the funds received from their sale. True, defendant board now claims that its members did not know of the increase in the assessed valuation of the township at the time they adopted the bonding resolution and increased the tax millage to be levied. The record shows, however, that the board knew of the increase before it sought approval of the bond issue from plaintiff commission. The use of simple mathematics would have quickly shown the revenue for the bond retirement fund which would be collected from the increased levy. With all the facts before it, the board made no effort to rescind or amend its previous action. Instead, it proceeded to obtain approval for the bonds, advertised for their sale and sold them. It can now make no convincing claim of having been uninformed or mistaken.

While it is uniformly held that the issuance of a writ of mandamus is a matter of grace or discretion, it does not follow that the courts will overlook a violation of clear and unequivocal public duty even though the performance of such duty may result in hardship. In *Simonton* v. *City of Pontiac,* 268 Mich 11, this Court directed that mandamus issue requiring the levy of taxes for the purpose of paying principal and interest due on municipal bonds despite the fact that the city, as a result of general economic conditions, was in serious financial condition. The Court quoted *Hammond* v. *Place,* 116 Mich 628 (72 Am St Rep 543), to the effect that:.

. " 'Poverty, however, is no more defense against just debts in municipal corporations than in any other corporation or an individual.' "

and then said:

"The obligation of the city is manifest. The right of the plaintiffs is clear in point of law. We have not the legal right under the conditions as presented to withhold a writ of mandamus."

Some years later in another matter, the court's lack of discretion in such cases was commented upon as follows:

" 'But this Court has said in no uncertain terms that it has no discretion when called upon to compel a public officer to perform a duty imposed on him by law.
" ' "A mandamus in a case where the duty of a public officer is absolute and specific  *  *  *  is no more a matter of discretion than any other remedy." *Auditor General* v. *Tuscola County Treasurer,* 73 Mich 28, 32.' " *Leininger* v. *Secretary of State,* 316 Mich 644, 655.

All the proceedings taken by the school district, including the election and the adoption of the board's

resolutions, which led to the sale of the bonds, became parts of a contract between the school district and the holders of its bonds (*State Highway Commissioner* v. *Detroit City Controller,* 331 Mich 337, 353). It is the duty of the plaintiff commission under the provisions of the municipal finance act (CL 1948, § 132.2 [Stat Ann 1949 Rev § 5.3188(4)]) to enforce compliance with the provisions of that contract including commitments for "the levy and collection of taxes for the payment" of the school district's obligations. Failing in an effort to accomplish that end by suggestion, it was appropriate that the plaintiff commission seek the assistance of this Court.

Mandamus will issue as prayed for. A public question being involved, no costs.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.