321 F.2d 927
 WYANDOTTE CHEMICALS CORPORATION, a Michigan corporation, Plaintiff-Appellee,
v.
CITY OF WYANDOTTE, a municipal corporation of the State of Michigan, Ira J. Kreger, its Treasurer, School District of the City of Wyandotte, a Michigan third-class school district, County of Wayne, a County of the State of Michigan, and Harold E. Stoll, its treasurer, Defendants-Appellants.
 No. 15027.
 United States Court of Appeals Sixth Circuit.
 August 21, 1963.
 
 William F. Koney, Asst. Prosecuting Atty., Detroit, Mich., and Albert Louis Gingras, Atty., Wyandotte, Mich. (Samuel H. Olsen, Prosecuting Atty. for County of Wayne, Aloysius J. Suchy, Asst. Prosecuting Atty., for defendants County of Wayne and Harold E. Stoll, Treasurer, Charles A. Swaby, Wyandotte, Mich., for School Dist. of the City of Wyandotte, Ira J. Kreger, Wyandotte, Mich., Treasurer, on brief), for appellants.
 Patrick J. Ledwidge, Detroit, Mich., Dickinson, Wright, McKean & Cudlip, Detroit, Mich., of counsel, for appellee.
 Before CECIL, Chief Judge, and BOYD and THORNTON, District Judges.
 CECIL, Chief Judge.
 
 
 1
 The plaintiff-appellee, Wyandotte Chemicals Corporation, brought this action in the United States District Court for the Eastern District of Michigan, Southern Division, under the Declaratory Judgment Act.[1] It sought a judgment in the District Court declaring that the value of its personal property was erroneously and improperly assessed for the payment of ad valorem taxes for the year 1960 and for a declaration of such amount of taxes as was proper.
 
 
 2
 The essence of the complaint is that the City of Wyandotte systematically and intentionally assessed the value of plaintiff's property located in the city upon a basis substantially higher than the basis upon which it assessed other property similarly situated. The plaintiff claims that the taxes computed on this valuation are excessive, unlawful, unfair, inequitable, and improper and deprive the plaintiff of equal protection of the laws and due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States. Under the facts as alleged the plaintiff seeks to invoke the jurisdiction of the Court under Section 1331(a), Title 28 U.S.C.
 
 
 3
 Upon filing the complaint, a district judge of the Eastern District of Michigan ordered $1,432,445.28, the full amount of the city's claim, paid to the City Treasurer. He further ordered the treasurer to hold $119,261.05, the amount claimed by the plaintiff to be excessive, in a separate account until the further order of the court.
 
 
 4
 The plaintiff named as defendants the City of Wyandotte, a municipal corporation of the State of Michigan, Ira J. Kreger, its Treasurer, School District of the City of Wyandotte, a Michigan third-class school district, County of Wayne, a county of the State of Michigan and Harold E. Stoll, its Treasurer. The plaintiff's taxes were payable to the City of Wyandotte through its treasurer Ira J. Kreger. The School District and Wayne County shared with the City of Wyandotte in the distribution of the taxes collected by the City.
 
 
 5
 Defendants County of Wayne and Harold E. Stoll through their attorneys moved to dismiss the complaint for lack of jurisdiction in the Federal Court to hear and determine the issues raised in the complaint. The district judge denied the motion on the ground that there was no adequate remedy available to the plaintiff under the Michigan statutes. Upon the certification of the district judge that a controlling question of law was involved, we granted an interlocutory appeal under Section 1292(b), Title 28 U.S.C.
 
 
 6
 The law of the state of Michigan provides that the assessment of all real and personal property for ad valorem taxes shall be uniform and at cash value. (Art. X, Secs. 3, 7, Mich.Const.; Comp. L.Mich., 1948, Sec. 211.24; MSA, Sec. 7.24.) Cash value is defined as the price which could be obtained for the property at private sale and not at forced or auction sale. (Comp.L.Mich., 1948, Sec. 211.27; MSA, Sec. 7.27.)
 
 
 7
 The plaintiff has exhausted all of its state administrative remedies.[2]
 
 
 8
 The jurisdiction of the Federal Court is restricted by statute. Section 1341, Title 28 U.S.C. (Johnson Act) provides, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." It has been held that this statute applies to an action for declaratory judgment, even though the plaintiff is not seeking to "enjoin, suspend or restrain the assessment, levy, or collection of any tax." Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 299, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407.
 
 
 9
 We are confronted with the question of whether the statutes of Michigan afford the plaintiff a plain, speedy and efficient remedy for a redress of its grievance. This Court has recently held that the statutes of Michigan afford a taxpayer an adequate and complete remedy for the adjudication of a claim that an assessment against property is illegal and discriminatory. Helmsley v. City of Detroit, 320 F.2d 476, C.A. 6, decided July 25, 1963. This case is controlling on the issue of the adequacy of the state statutes of Michigan to afford relief to a taxpayer. The appellee suggests in its brief that the Michigan statute makes no provision for the payment of interest. This point was covered in the Helmsley case.
 
 
 10
 The district judge in support of his conclusion that the Michigan statutes afforded an inadequate remedy said: "The plaintiff would attempt to recover a judgment for the full amount, a total approaching one and one-half million, rather than just the disputable amount. The City of Wyandotte would have no funds to pay the entire amount or the disputed amount after a new assessment and could not require the other benefiting units to pay their share of the amount due. In any case, the amount would be raised by a new levy of taxes, of which plaintiff would be required to pay thirty-eight per cent." 199 F.Supp. 582, 584. These "complicated gyrations," as they are referred to by the district judge, are anticipatory of problems which may or may not arise in the state court and should be of no concern to the District Court.
 
 
 11
 Michigan statutes make adequate provision for the enforcement of judgments against townships, villages or cities. Comp.L.Mich., 1948, Sec. 600.6093; MSA, Sec. 27A.6093 [P.A.1961, No. 236]. Under this statute judgments have been enforced in the following cases: Morley Brothers v. Carrollton Township Supervisor, 312 Mich. 607, 20 N.W.2d 743; Hammond v. Place, 116 Mich. 628, 74 N.W. 1002; Shippy v. Mason, 90 Mich. 45, 51 N.W. 353. See: Municipal Finance Commission v. Marquette Township, 337 Mich. 639, 60 N.W.2d 495; City of Hazel Park v. Municipal Finance Commission, 317 Mich. 582, 27 N.W.2d 106. The common council of a city or village may issue certificates of indebtedness or bonds for the purpose of raising money to pay a judgment against it. Comp.L.Mich., 1948, Sec. 600.6097; MSA, 27A.6097 [P.A.1961, No. 236].
 
 
 12
 It is true that under the Michigan statute[3] a taxpayer must sue to recover the entire amount of tax paid and not just the disputed portion. In this case the total amount of tax is $1,432,445.28 while the disputed amount is only $119,261.05. If the plaintiff is successful in establishing that its property has been illegally assessed, it would get a judgment against the city for $1,432,445.28. However, if it is then able to establish upon reassessment that the tax of $1,432,445.28 was too high by $119,261.05, it would immediately or in due course owe the city the difference or $1,313,184.23. Certainly these transactions could be worked out either by agreement of the parties or by the equity powers of the court so that the ultimate indebtedness of the taxpayer could be credited on the judgment and only the disputed amount actually paid to the taxpayer.
 
 
 13
 The district judge is concerned that if a judgment were obtained against the City of Wyandotte it could not require the other benefiting units (County and School Board) to pay their share of the judgment. This is a problem for the taxing authorities of the units involved.
 
 
 14
 The district judge is also concerned that the plaintiff would have to pay thirty-eight percent of a new levy. In other words, it would pay thirty-eight percent of its own judgment. The new levy would be on the assessed value of the property according to the reassessment. In this respect the plaintiff would be in the same position as any other taxpayer. Any judgment against a city from whatever source it arises if paid by a new or additional levy by the city must be borne by all of the taxpayers of the city. If a resident taxpayer is the owner of the judgment his property is subjected to the additional levy and he must bear his proportionate share of the increase to pay his own judgment.
 
 
 15
 One solution to these problems is that the state court at the trial level could exercise its equity powers to prevent any inequities or injustices. Finally, as the Supreme Court has said on several occasions, if federal questions are involved whereby a taxpayer is denied his constitutional right, the cause may be taken to the Supreme Court of the United States for review. Matthews v. Rodgers, 284 U.S. 521, 525-526, 52 S. Ct. 217, 76 L.Ed. 447; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 298, 63 S.Ct. 1070, 87 L.Ed. 1407; Helmsley v. City of Detroit, 320 F.2d 476, C.A. 6.
 
 
 16
 The plaintiff in its complaint asks the District Court to fix the amount of taxes it should pay. In the Helmsley case, supra, we said: "We do not think it is the function of any trial court, having jurisdiction to hear plaintiff's complaint, to specifically fix the amount of the assessment on his property. The court could only find that the assessment was illegal and discriminatory and point out the reasons for its conclusion. The matter would then have to be remanded to the tax commission which has the final authority to make a reassessment consistent with the court's decision. It would seem that administrative officers would be obligated by their oaths of office to act in accordance with judgments of the courts pointing out the illegality of their past actions." No authority has been cited to us and we have found none which would authorize a trial court to fix the amount of the assessment or of the tax.
 
 
 17
 The judgment of the District Court is reversed and the case remanded with instructions to dismiss the complaint.
 
 
 
 Notes:
 
 
 [1]
 Section 2201, Title 28 U.S.C
 
 
 [2]
 Comp.L.Mich., 1948, Sec. 211.152; MSA, Sec. 7.210
 
 
 [3]
 Comp.L.Mich., 1948, Sec. 211.53, as amended by Pub.Acts, 1962, No. 133; MSA, Sec. 7.97