TETRO *v.* COUNTY OF WAYNE.

1. PLEADING—ALLEGATIONS OF ANSWER NOT TRAVERSED STAND AS ADMISSIONS.

Affirmative allegation in answer to relator's petition which is not traversed by relator stands admitted.

2. MANDAMUS—COUNTIES—DEPUTY SHERIFFS — SALARY — BOARD OF SUPERVISORS—STATUTES.

In mandamus proceeding to compel payment of additional salary to deputy sheriff, allegation in defendants' answer that resolution of board of supervisors setting salary of relator did not receive approval of majority of supervisors-elect as required by statute *held*, admitted where not traversed by relator (1 Comp. Laws 1929, § 1122).

3. SAME—BOARD OF SUPERVISORS—RESOLUTIONS—STATUTES.

Relator in mandamus proceeding to compel payment to him of additional salary for services as deputy sheriff *held*, not entitled to relief where resolution of board of supervisors in accordance with which relief is sought is admitted not to have been passed in accordance with statutory requirements (1 Comp. Laws 1929, § 1122).

4. COURTS—PREVIOUS DECISION—QUESTIONS REVIEWED.

Claim that deputy sheriff is entitled to additional salary in accordance with resolution of board of supervisors because such resolution was assumed to have been valid in a previous case involving it *held*, untenable where question of validity of resolution involved was not presented in such previous case.

5. COSTS—PUBLIC QUESTION.

In mandamus proceeding to compel payment of claim for salary alleged to be due a deputy sheriff, no costs are allowed, a public question being involved.

Mandamus by Fred Tetro against the County of Wayne, Edward H. Williams and others, members of the Board of Auditors of Wayne County, Benjamin B. Pelham, Clerk of the Wayne County Board

of Auditors, and Jacob P. Sumeracki, Treasurer of Wayne County, to compel the payment of additional salary for term of office. Submitted December 14, 1937. (Calendar No. 39,826.) Writ denied February 24, 1938. Rehearing denied April 4, 1938.

*Munro & Donovan*, for plaintiff.

*Duncan C. McCrea*, Prosecuting Attorney, *Garfield A. Nichols* and *William L. Brunner*, Assistant Prosecuting Attorneys, for the defendants.

NORTH, J. Relator herein, formerly a deputy sheriff for Wayne county, has instituted mandamus proceedings in this court. He served in his official capacity from May 1, 1935, to November 30, 1936; and during a part of this period he received pay at the rate of $1,800 per year and during the remaining portion at the rate of $1,980 per year. Relator asserts that he was lawfully entitled to payment at a greater rate of salary and he asks that defendants be mandamused to pay him the additional amount.

In seeking the above relief relator relies solely upon the action taken by the board of supervisors of Wayne county in October, 1934, whereby he contends that the salary for the office held by him was fixed by resolution of the board at the rate of $2,070 per year. In the answer defendants deny that relator's salary was fixed by the board of supervisors as he asserts. They contend that the attempted action of the board of supervisors did not comply with statutory requirements in that the salary resolution was not adopted by the requisite vote and, therefore, was ineffective. In this particular, defendants rely upon the following statute:

"A majority of the supervisors of any county shall constitute a quorum for the transaction of the

ordinary business of the county, and all questions which shall arise at their meetings shall be determined by the votes of a majority of the supervisors present, except upon the final passage or adoption of any measure or resolution, or the allowance of any claim against the county, *in which case a majority of all the members-elect shall be necessary.*" 1 Comp. Laws 1929, § 1122.

It is affirmatively alleged in defendants' answer "that said resolution did not pass under the statutory requirements, which require a majority vote of the supervisors-elect in making such a final determination." This affirmative allegation in the answer is not traversed by relator and therefore stands admitted. Because this resolution upon which relator relies was not passed by the requisite vote of the board of supervisors it is ineffective and relator cannot be granted relief thereunder.

Relator asserts that he is entitled to the claimed additional salary under our decision in *Atlas* v. *Wayne County Board of Auditors,* 281 Mich. 596, wherein it was assumed that the same resolution of the board of supervisors here involved was valid and effective. In this connection it should be noted that the question on which decision turns in the instant case was not presented to this court in the *Atlas Case* and, therefore, it was assumed that the October, 1934, resolution of the board of supervisors relating to salaries was adopted in compliance with statutory requirements. The contrary appears in the instant case and is controlling.

The writ is denied. The question being one of public concern, no costs are awarded.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. FEAD, J., took no part in this decision.