ATLAS v. WAYNE COUNTY BOARD OF AUDITORS.

1. COUNTIES—PAYMENT OF CLAIMS—BOARD OF COUNTY AUDITORS.
    The board of county auditors may not lawfully pay claims which
    are illegal nor legally refuse to pay claims fixed by law and
    determinate in amount where legislature has power to govern
    the amounts.

2. SAME—ASSISTANT PROSECUTING ATTORNEY—SALARY—BOARD OF
    COUNTY AUDITORS.
    Salary of an assistant prosecuting attorney, as fixed by the
    board of supervisors, is the salary to which he is entitled
    regardless of any action by the board of county auditors
    (Const. 1908, art. 8, § 9; 1 Comp. Laws 1929, §§ 1297, 1300).

3. STATUTES—REPEAL—PRESUMPTIONS.
    The presumption is against making a statute irrepealable as the
    act of one legislative body does not tie the hands of future
    legislatures.

4. CONSTITUTIONAL LAW—LEGISLATURE—STATUTES.
    The power to amend and repeal legislation as well as to enact
    it is vested in the legislature, and the legislature cannot restrict
    or limit its right to exercise the power of legislation by pre-
    scribing modes and procedure for the repeal or amendment of
    statutes; nor may one legislature restrict or limit the power
    of its successors.

5. COUNTIES—BOARD OF SUPERVISORS—SALARIES OF COUNTY OFFICERS.
    The board of supervisors is without power or authority by ordi-
    nance or otherwise to limit the power of subsequent boards of
    supervisors to exercise their constitutional or legislative power
    to fix salaries (Const. 1908, art. 8, §§ 3, 8, 9; 1 Comp. Laws
    1929, §§ 1297, 1300).

6. SAME—BOARD OF COUNTY AUDITORS—SALARIES—ASSISTANT PROSE-
    CUTING ATTORNEY—MANDAMUS.
    Since the board of county auditors has no discretion as to allow-
    ance of salary of an assistant prosecuting attorney as fixed by

the board of supervisors for time when he took and held office, he is not entitled to writ of mandamus to compel payment of claim for sum as fixed by a previous board of supervisors (Const. 1908, art. 8, §§ 8, 9; 1 Comp. Laws 1929, §§ 1186 *et seq.,* 1297, 1300).

7. COSTS—PUBLIC QUESTION.

In mandamus proceeding to compel board of county auditors to make payment of claim for salary alleged to be due an assistant prosecuting attorney, no costs are allowed, a public question being involved (1 Comp. Laws 1929, § 1186 *et seq.*).

Appeal from Wayne; Merriam (De Witt H.), J. Submitted June 15, 1937. (Calendar No. 39,579.) Decided October 4, 1937. Rehearing denied November 10, 1937. Reconsideration of denial of rehearing denied April 4, 1938.

Petition by Milton R. Atlas for a writ of mandamus to compel members of the board of auditors of the county of Wayne to issue a warrant. City of Detroit, Board of Street Railway Commissioners, intervened. Intervener reviews allowance of the writ by appeal in the nature of certiorari. Reversed.

*Munro & Donovan,* for plaintiff.

*Raymond J. Kelly, Clarence E. Page* and *Rodney Baxter,* for intervener.

*U. S. A. Heggblom, amicus curiæ.*

POTTER, J. Plaintiff asked the circuit court of Wayne county to mandamus the board of county auditors to pay him $1,188.70 which he claimed as salary due him as assistant prosecuting attorney. Plaintiff was appointed assistant prosecuting attorney January 1, 1935. The only question for consideration is whether he is entitled to a salary of $5,000 per annum, or a lesser sum.

The Constitution (1908), art. 8, § 8, provides:

"The legislature may by general law confer upon the boards of supervisors of the several counties such powers of a local, legislative and administrative character, not inconsistent with the provisions of this Constitution, as it may deem proper."

Article 8, § 9, provides:

"The boards of supervisors shall have exclusive power to fix the salaries and compensation of all county officials not otherwise provided for by law."

Article 8, § 3, provides:

"There shall be elected biennially in each organized county * * * a prosecuting attorney."

There is no constitutional provision for assistant prosecuting attorneys. They are provided for by 1 Comp. Laws 1929, § 1297.

"The respective salaries of said assistant prosecuting attorneys and other employees appointed by said prosecuting attorneys under this act shall be fixed by the board of supervisors at its regular annual meeting, and shall not be diminished during the term for which they shall be appointed." 1 Comp. Laws 1929, § 1300.

The board of county auditors could not lawfully pay claims which were illegal. *People, ex rel. Kennedy,* v. *Gies,* 25 Mich. 83; *People, ex rel. Mixer,* v. *Manistee County Board of Supervisors,* 26 Mich. 422. Nor could they legally refuse to pay claims fixed by law and determinate in amount in those cases where the legislature has power to govern the amounts. *People, ex rel. Bristow,* v. *Macomb County Board of Supervisors,* 3 Mich. 475; *People, ex rel. Schmittdel,* v. *Wayne County Board of Auditors,* 13

Mich. 233; *People, ex rel. Mixer,* v. *Manistee County Board of Supervisors, supra.* The salary of plaintiff as lawfully fixed by the board of supervisors was the salary to which he was entitled regardless of any action by the board of county auditors.

The presumption is against making a statute irrepealable. Cooley's Constitutional Limitations (6th Ed.), p. 146; Black on Interpretation of Laws, § 51; *Saginaw County Board of Supervisors* v. *Hubinger,* 137 Mich. 72 (4 Ann. Cas. 792). The act of one legislative body does not tie the hands of future legislatures. *Cooper, Wells & Co.* v. *City of St. Joseph,* 232 Mich. 255. The power to amend and repeal legislation as well as to enact it is vested in the legislature, and the legislature cannot restrict or limit its right to exercise the power of legislation by prescribing modes of procedure for the repeal or amendment of statutes; nor may one legislature restrict or limit the power of its successors. 12 C. J. p. 806. One legislature cannot enact irrepealable legislation or limit or restrict its own power, or the power of its successors, as to the repeal of statutes; and an act of one legislature is not binding on, and does not tie the hands of, future legislatures. 59 C. J. p. 900.

From the very nature of the powers conferred upon the board of supervisors by the Constitution and laws of the State, the board of supervisors of Wayne county of 1931 was without power or authority by ordinance or otherwise to limit in any way the power of subsequent boards of supervisors to exercise their constitutional or legislative power to fix salaries. At the annual session of the board of supervisors, October 17, 1934, a resolution was adopted by the board of supervisors of Wayne county which provided among other things:

"That the accompanying schedule be, and the same is hereby, ordered and adopted as the salary schedule for compensation to be paid the employees of the county of Wayne for the fiscal year beginning December 1, 1934, * * *

"Department of Prosecuting Attorney.

"Budget Allowed by Supervisors 1934–1935.

"Expense:

"A—Personal Service.

| "1 Salaries—Regular | Details | Amount |
|---|---|---|
| "Prosecutor (1) at $9,600 | | $9,758.33 |
| "Chief assistant (1) at $6,800 | | 6,800.00 |
| "Assistant (1) at $6,000 | | 6,000.00 |
| "Assistant (1) at $5,200 | | 5,200.00 |
| "Assistants (5) at $4,800 | | 24,000.00 |
| "Assistants (4) at $4,400 | | 17,600.00 |
| "Assistants (11) at $4,000 | | 44,000.00 |
| "Assistants (6) at $3,600 | | 21,600.00" |

This resolution was in force at the time plaintiff entered upon his duties as assistant prosecuting attorney and his salary is governed thereby. Plaintiff's salary having been legally fixed by the board of supervisors of Wayne county, the board of county auditors could not disallow any part of such salary obligation to the plaintiff and under the law could not allow more.

Plaintiff claims defendants are bound by the Constitution and statutes of this State in relation to the audit and allowance of claims.

"The boards of supervisors, or in counties having county auditors, such auditors, shall adjust all claims against their respective counties; appeals may be taken from such decisions of the boards of supervisors or auditors to the circuit court in such manner as shall be prescribed by law." Const. 1908, art. 8, § 9.

The statutes of this State provide for the organization and government of boards of county auditors, for the presentation and payment of claims, and that no claim shall be paid which shall not have been audited and allowed. The statutes, too, provide for an appeal from the allowance or disallowance of a claim by the board of county auditors (1 Comp. Laws 1929, § 1186 *et seq.*). So far as plaintiff's right to mandamus is concerned, the board of county auditors had no power or authority over him. His salary was fixed by the board of supervisors in pursuance of the Constitution and laws of the State. The board of county auditors had no discretion which they might exercise in relation to its payment. Its amount was liquidated and it was unnecessary for the board of county auditors to pass upon the same.

Plaintiff claims that under an ordinance adopted October 8, 1931, by the board of supervisors fixing the salaries of assistant prosecuting attorneys of Wayne county, he is entitled to the amount of salary in dispute. That ordinance would remain in full force and effect until the salaries of assistant prosecuting attorneys were fixed by subsequent action by the board of supervisors. Such subsequent action was taken by the resolution of October 17, 1934, and this was in full force and effect when plaintiff took and held office. It follows the writ of mandamus should be denied. No costs, a public question being involved.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.