# Syllabus

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kimberly K. Muschong

PEOPLE v TADGERSON

Docket No. 165678. Argued on application for leave to appeal April 9, 2025. Decided July 21, 2025.

Christopher L. Tadgerson was charged in the 85th District Court with being a prisoner in possession of a controlled substance (PPCS), MCL 800.281(4). Defendant was in his prison cell when a corrections officer observed another prisoner pull something out of his pocket and drop it into the slot of defendant's cell door. The officer saw defendant holding a crumpled piece of paper and demanded that defendant hand over the item. Defendant had not looked at the contents of the paper. The officer noticed that the paper contained two orange strips with the number eight written on them. Lab testing showed that the item contained buprenorphine, also known as Suboxone, a schedule III controlled substance; defendant did not have a valid prescription for this substance. Defendant tested positive for Suboxone during an initial drug screen, but a retest returned a negative result for the substance. Defendant was charged with PPCS. At the preliminary examination, the prosecution argued that PPCS is a strict-liability offense, relying on *People v Ramsdell*, 230 Mich App 386 (1998). Defendant argued that a bindover was not appropriate because the prosecution had not proved that defendant knowingly possessed a controlled substance when the strips of Suboxone were placed into his cell by another prisoner. Without ruling on whether PPCS required a *mens rea* element, the district court, Thomas N. Brunner, J., bound defendant over to the Manistee Circuit Court for trial after concluding that there was sufficient evidence for purposes of establishing probable cause. Defendant requested that the jury instructions include a *mens rea* element for PPCS, arguing that MCL 8.9 applied to the offense and, therefore, that the prosecution was required to show that defendant knowingly possessed the Suboxone. The circuit court, David A. Thompson, J., denied defendant's motion, relying on *Ramsdell*. Defendant sought leave to appeal in the Court of Appeals, and the Court of Appeals denied the application. The parties negotiated a no-contest plea that preserved defendant's right to appeal whether a violation of MCL 800.281(4) is a strict-liability crime. The trial court accepted defendant's no-contest plea and sentenced defendant within the agreement. Defendant sought leave to appeal in the Court of Appeals, and the Court of Appeals granted leave. The Court of Appeals, CAVANAGH, P.J., and MARKEY and BORRELLO, JJ., affirmed defendant's conviction and held that PPCS is a strict-liability crime. 346 Mich App 104 (2023). Defendant sought leave to appeal in the Supreme Court, and the Supreme Court ordered and heard oral argument on the application to consider (1) whether PPCS is a strict-liability offense or should be construed as

having a scienter requirement or *mens rea* element and (2) if PPCS is not a strict-liability offense, what form of scienter requirement or *mens rea* element applies. 513 Mich 1119 (2024).

In an opinion by Justice BOLDEN, joined by Chief Justice CAVANAGH and Justices BERNSTEIN, WELCH, and THOMAS, the Supreme Court, in lieu of granting leave to appeal, *held*:

MCL 800.281(4) does not plainly impose strict liability; therefore, MCL 8.9(3) applies. The offense of PPCS requires that the prosecution prove that a defendant acted with intent, knowledge, or recklessness as required by MCL 8.9(3).

1. The Court of Appeals erred by holding that MCL 800.281(4) plainly imposes strict liability. MCL 800.281(4) provides, subject to inapplicable exceptions, that a prisoner shall not possess any alcoholic liquor, prescription drug, poison, or controlled substance. *Ramsdell*, a Court of Appeals case decided in 1998, held that the Legislature intended for MCL 800.281(4) to be a strict-liability offense. However, in 2015, the Legislature enacted MCL 8.9, which imposes a culpability requirement for statutes that are not otherwise excluded by MCL 8.9(7), statutes that are not plainly strict-liability offenses, and statutes in which the *mens rea* is not specified in the statutory language. The enactment of MCL 8.9 several years after *Ramsdell* was decided affected the analysis of whether MCL 800.281(4) is a strict-liability offense. MCL 8.9(9) expressly provides that the mere absence of a specified state of mind for an element of a covered offense shall not be construed to mean that the Legislature affirmatively intended not to require the prosecution to prove any state of mind. Therefore, contrary to the Court of Appeals' conclusion in *Ramsdell*, the mere absence of the culpable mental state in MCL 800.281(4) was insufficient to construe PPCS as a strict-liability offense. Both the plain language and the history leading up to the enactment of MCL 8.9 made clear that the Legislature intended to greatly reduce the number of strict-liability offenses. The plain language of MCL 8.9(9) superseded the *Ramsdell* Court's interpretation of MCL 800.281(4). Further, the phrase "plainly imposes strict liability" in MCL 8.9(2) is not ambiguous. MCL 8.9(2) provides, in relevant part, that culpability is not required for a person to be guilty of a criminal offense only when the statutory language defining the offense does not specify any degree of culpability and plainly imposes strict criminal liability for the conduct described in the statute. MCL 8.9 was enacted to ensure that where no *mens rea* was specified, MCL 8.9 would apply.

2. The Court of Appeals erred by concluding that MCL 8.9(3) was inapplicable. MCL 8.9(3) provides, in pertinent part, that if statutory language defining an element of a criminal offense that is related to knowledge or intent or as to which *mens rea* could reasonably be applied neither specifies culpability nor plainly imposes strict liability, the element of the offense is established only if a person acts with intent, knowledge, or recklessness. MCL 800.281(4) does not plainly impose strict liability, nor does it specify culpability. Therefore, the elements of PPCS are established only if a person acts with intent, knowledge, or recklessness. Nothing in the text or context of MCL 800.281(4) suggested that a culpable state other than the default standard of recklessness is the most appropriate proof of intent; accordingly, to establish a violation under MCL 800.281(4), the prosecution is required to prove—at a minimum—that a defendant acted with recklessness. In this case, because defendant entered a no-contest plea on the basis of the trial court's erroneous conclusion that PPCS was a strict-liability offense, the case was remanded to the trial court for further proceedings.

Reversed and remanded to the trial court for further proceedings.

Justice ZAHRA, dissenting, would have held that the Legislature plainly intended MCL 800.281(4) to be a strict-liability crime. The majority opinion's application of MCL 8.9(9) to only a portion of MCL 800.281 was unduly narrow; the majority opinion disregarded that a different subsection of MCL 800.281 does contain an express *mens rea* element. Further, additional indicia typically connoting a required state of mind were notably absent from MCL 800.281(4). Moreover, the majority opinion's interpretation of MCL 8.9(2) was overly broad. The plain language of MCL 8.9(2) itself contemplates that some statutes may plainly impose strict liability even in the absence of an express statutory specification of *mens rea*. Finally, although the majority opinion consulted dictionary definitions of the terms "plain" and "impose," Michigan's preexisting caselaw provided a far more developed and comprehensive understanding of when a criminal statute imposes strict liability than did the majority's interpretation of MCL 8.9. In context, the phrase "plainly imposes" refers to caselaw that has long been used by courts to determine when a particular offense plainly imposes strict criminal liability. The majority opinion effectively required that the Legislature affirmatively and expressly state that an offense has no *mens rea* requirement before strict criminal liability can be imposed. A more reasonable interpretation of the phrase "plainly imposes" would leave room for consideration of the context of criminal liability statutes and Michigan caselaw interpreting those statutes.

Justice HOOD did not participate because the Court considered this case before he assumed office.

# OPINION

Chief Justice:　　Justices:
Megan K. Cavanagh　Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

FILED July 21, 2025

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

　　　　Plaintiff-Appellee,

v　　　　　　　　　　　　　　　　No. 165678

CHRISTOPHER LEHMAN TADGERSON,

　　　　Defendant-Appellant.

BEFORE THE ENTIRE BENCH (except HOOD, J.)

BOLDEN, J.

This case involves the interpretation and application of MCL 8.9 and whether MCL 800.281(4) is a strict-liability statute. The issue in this case is whether MCL 8.9 requires the prosecution to establish a scienter requirement or *mens rea* element for the offense of being a prisoner in possession of a controlled substance (PPCS) in violation of MCL 800.281(4). Both the trial court and the Court of Appeals interpreted MCL 800.281(4) to impose strict liability. *People v Tadgerson*, 346 Mich App 104, 106-107; 11 NW3d 309

(2023). Specifically, the lower courts held that MCL 8.9 did not require the prosecution to establish a scienter requirement or *mens rea* element. We disagree and hold that MCL 800.281(4) does not "plainly impose" strict liability. MCL 8.9(2). Therefore, to establish a violation of MCL 800.281(4), the prosecution must prove that a defendant acted with "intent, knowledge, or recklessness" as required by MCL 8.9(3). Accordingly, we reverse the decision of the Court of Appeals and remand this case to the trial court for further proceedings that are consistent with this opinion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While prisoners were cleaning their cells, Corrections Officer Shawn Larson observed another prisoner pull something out of his pocket and drop it into the lower slot of defendant's cell door. Larson walked to defendant's cell, noticed that defendant was holding a crumpled piece of paper, and demanded that defendant turn over the item that was thrown into his cell. Defendant held the paper in his hand, did not look at its contents, and told Larson that he believed it "was just a note with some words on it." Larson opened the cell door, took the paper from defendant, and noticed that it contained two orange strips of film with the number eight written on them. Larson believed the strips to be buprenorphine, also known as Suboxone, a schedule III controlled substance, see MCL 333.7216; lab testing confirmed that the item contained buprenorphine. Defendant did not have a valid prescription for Suboxone. Larson wrote a misconduct report concerning the incident. During an initial drug screen, defendant tested positive for Suboxone, but a retesting of defendant's sample at a laboratory returned a negative result for the substance.

2

Defendant was charged with PPCS. At the preliminary examination, the prosecution argued that PPCS is a strict-liability offense, relying on *People v Ramsdell*, 230 Mich App 386; 585 NW2d 1 (1998). Defense counsel argued that a bindover was not appropriate because the prosecution had not proved that defendant knowingly possessed a controlled substance when the strips of Suboxone were placed into his cell by another prisoner. Without ruling on whether PPCS required a *mens rea* element, the district court bound over defendant after concluding that there was sufficient evidence for purposes of establishing probable cause.[1]

Thereafter, defense counsel filed a motion requesting that the jury instructions include a *mens rea* element for the charged offense of PPCS. Defendant argued that, notwithstanding *Ramsdell*, MCL 8.9 applied to the offense and, therefore, the prosecution was required to show that defendant knowingly possessed the Suboxone. The circuit court denied defendant's motion, relying on *Ramsdell*.

Defendant sought leave to appeal in the Court of Appeals, and the Court of Appeals denied the application "for failure to persuade the Court of the need for immediate appellate review." *People v Tadgerson*, unpublished order of the Court of Appeals, entered March 18, 2021 (Docket No. 356035). Subsequently, the parties negotiated a conditional no-contest plea, see MCR 6.301(C)(2), that preserved defendant's right to appeal whether a violation of MCL 800.281(4) is a strict-liability crime. As part of the plea agreement, the prosecution agreed to dismiss the fourth-offense habitual-offender enhancement and recommended that defendant's minimum sentence not exceed 14 months. The trial court

---

[1] After defendant was bound over, he faced PPCS charges as a fourth-offense habitual offender.

3

accepted defendant's no-contest plea and sentenced defendant within the agreement.

Defendant sought leave to appeal in the Court of Appeals, and the Court of Appeals granted

leave. *People v Tadgerson*, unpublished order of the Court of Appeals, entered March 18,

2022 (Docket No. 360094). In a published decision, the Court of Appeals affirmed

defendant's conviction and held that PPCS is a strict-liability offense. *Tadgerson*, 346

Mich App at 106-107, 119-120.

Defendant then sought leave to appeal in this Court. We granted oral argument on

the application to consider

> (1) whether the offense of being a prisoner in possession of a controlled substance ("PPCS"), MCL 800.281(4), is a strict liability offense or should be construed as having a scienter requirement or *mens rea* element, see MCL 8.9; *People v Ramsdell*, 230 Mich App 386 (1998); *People v Tombs*, 472 Mich 446[; 697 NW2d 494] (2005); and *People v Magnant*, 508 Mich 151[; 973 NW2d 60] (2021); and (2) if PPCS is not a strict liability offense, then what form of scienter requirement or *mens rea* element applies. [*People v Tadgerson*, 513 Mich 1119, 1119 (2024).]

## II. LEGAL BACKGROUND

### A. STANDARD OF REVIEW

Issues of statutory construction are reviewed de novo. *Tombs*, 472 Mich at 451

(opinion by KELLY, J.); *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). When

interpreting statutes, "we seek to discern the ordinary meaning of the language in the

context of the statute as a whole." *People v Allen*, 507 Mich 597, 604; 968 NW2d 532

(2021) (quotation marks and citation omitted). This Court must "give effect to every word,

phrase, and clause and avoid an interpretation that would render any part of the statute

surplusage or nugatory." *People v Miller*, 498 Mich 13, 25; 869 NW2d 204 (2015)

(quotation marks and citation omitted). "If the statute's language is clear and

unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written. Accordingly, when statutory language is unambiguous, judicial construction is not required or permitted." *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008) (quotation marks and citations omitted).

## B. MCL 800.281(4)

Defendant pleaded no contest to violating MCL 800.281(4), which provides, subject to inapplicable exceptions, that "a prisoner shall not possess any alcoholic liquor, prescription drug, poison, or controlled substance."[2]

In *Ramsdell*, the Court of Appeals considered whether PPCS was a strict-liability offense. *Ramsdell*, 230 Mich App at 392. Similar to the instant case, the defendant in *Ramsdell* argued that the offense of PPCS required a showing that a defendant "*knowingly* possessed*" the contraband. *Id*. at 391. The Court of Appeals disagreed and held that PPCS was a strict-liability offense. *Id*. at 391, 399. The Court determined that the Legislature intended for MCL 800.281(4) to be a strict-liability offense for two primary reasons: (1) the word "knowingly" is completely absent from MCL 800.281(4), and (2) the general controlled-substance-possession statute, MCL 333.7403, explicitly proscribes only "knowingly or intentionally" possessing a controlled substance. *Id*. at 398-399. The panel concluded that the Legislature purposefully omitted a *mens rea* requirement in MCL 800.281(4) and intended PPCS to be a strict-liability offense. *Id*. at 399 ("[G]iven that the Legislature included no express intent element in MCL 800.281(4) in the face of such an

---

[2] MCL 800.282 provides exceptions, including substances authorized for medical use and religious purposes, none of which is relevant here.

element being present in the general statute against possession of controlled substances, [MCL 333.7403,] we conclude that the Legislature intended for MCL 800.281(4) to be a strict liability crime.") (citations omitted).

## C. MCL 8.9

In 2015, the Legislature enacted MCL 8.9, see 2015 PA 250, which imposes a culpability requirement for statutes that are not otherwise excluded by MCL 8.9(7),[3] statutes that are not plainly strict-liability offenses, and statutes in which the *mens rea* is not specified in the statutory language. MCL 8.9 provides, in relevant part:

> (1) Except as otherwise provided in this section, a person is not guilty of a criminal offense committed on or after January 1, 2016 unless both of the following apply:
>
> (a) The person's criminal liability is based on conduct that includes either a voluntary act or an omission to perform an act or duty that the person is capable of performing.
>
> (b) The person has the requisite degree of culpability for each element of the offense as to which a culpable mental state is specified by the language defining the offense.
>
> (2) If the statutory language defining a criminal offense *does not specify* any degree of culpability *and plainly imposes strict criminal liability* for the conduct described in the statute, then culpability is not required for a person to be guilty of the offense. The fact that a subsection of a statute plainly imposes strict liability for an offense defined in that subsection does not by itself plainly impose strict criminal liability for an offense defined in another subsection of that statute that does not specify a degree of culpability.
>
> (3) Except as provided in subsection (4), if statutory language defining an element of a criminal offense that is related to knowledge or intent or as

---

[3] The Legislature expressly exempted several of the most commonly applied criminal statutes, including the Michigan Penal Code, MCL 750.1 *et seq.*; the Michigan Vehicle Code, MCL 257.1 *et seq.*; and the Public Health Code, MCL 333.1101 *et seq*. See MCL 8.9(7).

6

to which mens rea could reasonably be applied neither specifies culpability nor plainly imposes strict liability, the *element of the offense is established only if a person acts with intent, knowledge, or recklessness*.

(4) Subsection (3) does not relieve the prosecution of the burden of proving the culpable mental state required by any definition incorporated into the offense.

\* \* \*

(9) The mere *absence* of a specified state of mind for an element of a covered offense *shall not be construed* to mean that the legislature *affirmatively intended not to require* the prosecution to prove any state of mind. [Emphasis added.]

Whether the enactment of MCL 8.9 affects *Ramsdell* is key to the analysis in this case.[4]

## III. ANALYSIS

Here, the Court of Appeals concluded that the Legislature intended to impose strict liability under MCL 800.281(4) notwithstanding the Legislature's enactment of MCL 8.9. Defendant maintains that MCL 800.281(4) must be construed to require knowing possession of contraband under MCL 8.9 despite the holding in *Ramsdell*, 230 Mich App at 399, that PPCS is a strict-liability offense. Both parties agree that MCL 800.281(4) is silent as to proof of *mens rea* or "criminal intent." See *Tombs*, 472 Mich at 452 (opinion by KELLY, J.).

Strict-liability offenses are generally disfavored. See *Magnant*, 508 Mich at 170; *People v Likine*, 492 Mich 367, 391; 823 NW2d 50 (2012). "[C]ourts will infer an element of criminal intent when an offense is silent regarding *mens rea* unless the statute contains an express or implied indication that the legislative body intended that strict criminal liability be imposed." *Likine*, 492 Mich at 391-392 (quotation marks and citation omitted);

---

[4] We note that MCL 800.281 is not a statute that is excluded from coverage by MCL 8.9(7).

see also *Rambin v Allstate Ins Co*, 495 Mich 316, 327; 852 NW2d 34 (2014). Even before MCL 8.9 was enacted, this Court recognized that statutory silence as to *mens rea* does not, by itself, impose strict liability. See *Tombs*, 472 Mich at 456-457 (opinion by KELLY, J.) ("Absent some clear indication that the Legislature intended to dispense with the requirement, we presume that silence suggests the Legislature's intent not to eliminate *mens rea . . . .*"). Additionally, there is a presumption that "unless otherwise stated in a statute, a Legislature 'intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct.' " *Magnant*, 508 Mich at 167, quoting *Rehaif v United States*, 588 US 225, 229; 139 S Ct 2191; 204 L Ed 2d 594 (2019).

The Court of Appeals correctly observed that strict-liability offenses are generally disfavored and that this Court has recognized that to "dispense with *mens rea* as an element of a crime," there must be "[s]ome indication of legislative intent, express or implied . . . ." *Tadgerson*, 346 Mich App at 114, quoting *Tombs*, 472 Mich at 455 (opinion by KELLY, J.) (quotation marks and emphasis omitted). The Court of Appeals also recognized that the *Ramsdell* decision predated the enactment of MCL 8.9. *Tadgerson*, 346 Mich App at 117-118; 2015 PA 250.

The Court of Appeals correctly noted that MCL 800.281(4) does not include *mens rea* language indicating a required culpable mental state, and the Court considered the application of MCL 8.9. *Tadgerson*, 346 Mich App at 118-119. The panel concluded, "on the strength of the reasoning and analysis in *Ramsdell* comparing the general drug-possession statute to MCL 800.281(4), along with [its] observation that Subsection (2) of MCL 800.281 expressly includes a scienter requirement yet MCL 800.281(4) does not, that

8

MCL 800.281(4) *plainly* imposes strict liability." *Id*. at 119. Because the Court of Appeals determined that MCL 800.281(4) plainly imposed strict liability, it concluded that "MCL 8.9(3) [was] not implicated and thus [did] not require proof of 'intent, knowledge, or recklessness' in connection with PPCS." *Id*., quoting MCL 8.9(3). Addressing MCL 8.9(9), the panel explained that its holding was "not based on the mere absence of a specified state of mind for an element of the covered offense." *Tadgerson*, 346 Mich App at 119 (quotation marks and brackets omitted). Rather, the panel considered "the inclusion of a *mens rea* requirement in the general drug-possession statute, as alluded to and relied on in *Ramsdell*, as well as the inclusion of a *mens rea* element in Subsection (2) of MCL 800.281." *Id*.

In reaching its conclusion in this case, the Court of Appeals relied heavily on *Ramsdell*. The panel determined that *Ramsdell* "effectively ruled that our Legislature implicitly indicated an intent to dispense with a *mens rea* element with respect to an offense under MCL 800.281(4)," *Tadgerson*, 346 Mich App at 115, and that the guiding principles from this Court, both before and after *Ramsdell*, "were essentially acknowledged and accepted by the *Ramsdell* panel," *id*. at 114. The Court of Appeals also observed that this Court has not explicitly or implicitly modified or overruled *Ramsdell* in subsequent decisions. *Id*. at 116.[5]

In holding that PPCS was a strict-liability offense, the *Ramsdell* Court relied, in part, on this Court's decision in *People v Lardie*, 452 Mich 231; 551 NW2d 656 (1996), overruled in part by *People v Schaefer*, 473 Mich 418 (2005). *Ramsdell*, 230 Mich App at

---

[5] Notably, the parties in *Ramsdell* did not seek leave to appeal in this Court.

398. In *Lardie*, 452 Mich at 239, this Court held that, in determining whether a statute "imposes strict liability or requires proof of a mens rea" when the statute does not expressly include language of a required criminal intent, courts "must focus on whether the Legislature nevertheless intended to require some fault as a predicate to finding guilt." The *Lardie* Court further held that "[w]here the offense in question does not codify the common law and omits reference to the element of intent, this Court will examine the Legislature's intent in enacting the legislation to determine whether there is a mens rea requirement." *Id*. at 246. It was these principles from *Lardie* on which the *Ramsdell* Court relied to conclude that the Legislature intended PPCS to be a strict-liability offense. *Ramsdell*, 230 Mich App at 398-399.

In the instant case, the Court of Appeals also considered MCL 800.281(2), which was not discussed in *Ramsdell*, and determined that MCL 800.281(2) supported its conclusion that the Legislature intended MCL 800.281(4) to be a strict-liability offense. *Tadgerson*, 346 Mich App at 116. According to the panel, because "the Legislature expressly included a *mens rea* requirement in [MCL 800.281(2)] . . . but wholly omitted a *mens rea* requirement in [MCL 800.281(4)]," the omission "plainly demonstrated that the Legislature intended MCL 800.281(4) to be a strict-liability offense." *Id*.

We agree that MCL 800.281(4) "does not specify any degree of culpability . . . ." MCL 8.9(2). However, we disagree with the Court of Appeals' conclusion that MCL 800.281(4) "plainly imposes strict liability . . . ." *Id*. The Court of Appeals' reasoning in support of its holding that MCL 800.281(4) is a strict-liability offense principally relies on the "mere absence of a specified state of mind" in MCL 800.281(4). MCL 8.9(9); see also

10

*Tadgerson*, 346 Mich App at 115, 118-119, relying on *Ramsdell*, 230 Mich App at 398-399.

As discussed earlier, the *Ramsdell* Court essentially construed *the absence* of a specified state of mind in MCL 800.281(4) to mean that the Legislature *affirmatively* intended not to require the prosecution to prove any state of mind. *Ramsdell*, 230 Mich App at 398-399. However, the enactment of MCL 8.9 several years after *Ramsdell* was decided affects the analysis of whether MCL 800.281(4) is a strict-liability offense. We hold that the *Ramsdell* Court's reasoning for concluding that PPCS is a strict-liability offense is inconsistent with the plain language of MCL 8.9.

MCL 8.9(9) expressly provides that "[t]he *mere absence* of a specified state of mind for an element of a covered offense shall *not* be construed to mean that the legislature affirmatively intended not to require the prosecution to prove any state of mind." (Emphasis added.) Therefore, contrary to the Court of Appeals' conclusion in *Ramsdell*, 230 Mich App at 398-399, the "mere absence" of the culpable mental state in MCL 800.281(4) is insufficient to construe PPCS as a strict-liability offense. Our conclusion is consistent with this Court's longstanding recognition that "[a]bsent some clear indication that the Legislature intended to dispense with the requirement, we presume that silence suggests the Legislature's intent not to eliminate *mens rea* . . . ." *Tombs*, 472 Mich at 456-457 (opinion by KELLY, J.); see also *Staples v United States*, 511 US 600, 606; 114 S Ct 1793; 128 L Ed 2d 608 (1994) (recognizing that strict-liability offenses are disfavored and "that some indication of congressional intent, express or implied, is required to dispense with *mens rea* as an element of a crime").

11

The prosecution argues that the Legislature intended that a violation of MCL 800.281(4) be a strict-liability offense, relying largely on the legislative history of the statute. We find this argument unavailing because it fails to account for the Legislature's enactment of MCL 8.9. Whatever the Legislature intended when it enacted MCL 800.281(4), it was free to change its mind later on. See *LeRoux v Secretary of State*, 465 Mich 594, 615; 640 NW2d 849 (2002) (" 'The act of one legislative body does not tie the hands of future legislatures.' "), quoting *Atlas v Wayne Co Bd of Auditors*, 281 Mich 596, 599; 275 NW 507 (1937). The Legislature did just that when it enacted MCL 8.9. Both the provision's plain language and the history leading up to its enactment make clear that the Legislature intended to greatly reduce the number of strict-liability offenses. See House Legislative Analysis, HB 4713 (July 18, 2016), pp 1-2. The question we are confronted with here is how the enactment of MCL 8.9 affects MCL 800.281(4). While the history of MCL 800.281(4) might be relevant to some questions, it is not relevant to this one. The plain language of MCL 8.9(9) supersedes the *Ramsdell* Court's interpretation of MCL 800.281(4). See *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993) ("It is a well-known principle that the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws.").

The prosecution also contends that MCL 8.9 should not apply to MCL 800.281(4) because the phrase "plainly imposes strict liability" in MCL 8.9(2) is ambiguous. We disagree. The Legislature expressly provided that "culpability is not required for a person to be guilty of the offense" only when "the statutory language defining a criminal offense does not specify any degree of culpability and *plainly imposes* strict criminal liability for the conduct described in the statute . . . ." MCL 8.9(2) (emphasis added). In other words,

12

to construe a statute that lacks a degree of mental culpability as imposing strict liability, the statutory language must "plainly impose[] strict liability." *Id*. The phrase "plainly imposes" is not defined by the statute. When terms used in a statute are not expressly defined, "we may turn to dictionary definitions to aid our goal of construing those terms in accordance with their ordinary and generally accepted meanings." *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). Additionally, "if the statute's language is ambiguous, this Court may refer to the history of the legislation in order to determine the underlying intent of the Legislature." *Rouch World, LLC v Dep't of Civil Rights*, 510 Mich 398, 410; 987 NW2d 501 (2022) (quotation marks and citation omitted).

The Court of Appeals did not analyze whether the term "plainly imposes" is ambiguous. Assuming arguendo that "plainly imposes" is ambiguous, we consult dictionary definitions to discern the plain and ordinarily accepted meaning. *Merriam-Webster's Collegiate Dictionary* (11th ed) defines the term "plain" as "in a plain manner : without obscurity or ambiguity[.]" *Random House Webster's College Dictionary* (2001) defines the term "plain" as "clear or distinct to the eye or ear," "easily understood," and "free from ambiguity or evasion; candid[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed) defines the word "impose" as "to establish or apply by authority," and *Random House Webster's College Dictionary* (2001) defines "impose" as "to apply or establish by or as if by authority[.]"

Prior to the enactment of MCL 8.9, this Court has consistently looked to the statutory language for *clear* indications that the Legislature intended to impose strict liability. See *Tombs*, 472 Mich at 451 (opinion by KELLY, J.) ("[T]o determine whether a statute imposes strict liability or requires proof of a guilty mind, the Court first searches

13

for an *explicit expression* of intent in the statute itself.") (emphasis added); *id*. at 456-457 (opinion by KELLY, J.) ("Absent some *clear indication* that the Legislature intended to dispense with the requirement, we presume that silence suggests the Legislature's intent not to eliminate *mens rea* . . . .") (emphasis added); *Magnant*, 508 Mich at 167 ("[U]nless otherwise stated in a statute, a Legislature intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct.") (quotation marks and citation omitted); see also *Gardner*, 482 Mich at 58 ("[S]ound principles of statutory construction require that Michigan courts determine the Legislature's intent from its *words*, not from its silence.") (quotation marks and citation omitted).

As stated earlier, both the provision's plain language and the history leading up to its enactment make clear that the Legislature intended to greatly reduce the number of strict-liability offenses. Considering the legislative history, the legislative analysis of MCL 8.9 undermines the prosecution's argument that MCL 8.9 is ambiguous and the dissent's argument that "MCL 8.9 was not enacted to bring about a sea change regarding the level of certainty required to conclude that an offense imposes strict liability." Instead, it supports our conclusion that the Legislature enacted MCL 8.9 to *broadly* impose a general *mens rea* element or mental-culpability requirement for covered offenses that lacked such a standard as a matter of efficiency and that the Legislature intended to significantly restrict the imposition of strict criminal liability, outside of certain specifically defined exceptions.

Rather than amending individual statutes, MCL 8.9 was enacted to ensure that where no *mens rea* was specified, MCL 8.9 would apply.[6]

Although the dissent argues that MCL 800.281(4) plainly imposes strict liability, that position is inconsistent with the text of MCL 8.9(2), which directs courts to look to the "*statutory language defining a criminal offense*" to determine whether it "plainly imposes strict criminal liability" for the conduct in question. (Emphasis added.) Additionally, the dissent's interpretation of MCL 8.9 would render MCL 8.9 useless. If, by using the phrase "plainly impose[]," the Legislature meant to codify the preexisting standard for determining whether a statute imposes strict liability, it would follow that any criminal statute that a court would have interpreted as imposing strict liability would do so "plainly," and the exception would swallow the rule. This interpretation "fails to give [MCL 8.9] meaning or effect" and renders it nugatory, see *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 507 Mich 498, 509; 968 NW2d 482 (2021) (quotation marks and citation omitted), and it thwarts the Legislature's clearly stated intention to prohibit the construction of criminal statutes as imposing strict criminal liability where the statutory language does not "plainly" do so. Accordingly, the Court of Appeals erred by holding that MCL 800.281(4) plainly imposes strict liability.

The Court of Appeals further erred by concluding that MCL 8.9(3) was inapplicable. MCL 8.9(3) provides, in pertinent part: "[I]f statutory language defining an element of a

---

[6] See House Legislative Analysis, HB 4713 (July 18, 2016), p 6 ("The bill does not abolish responsibility or culpability, but it does set a threshold, a floor so to speak, that the prosecution must establish in order for the person to be held guilty of committing a crime."); *id*. ("The bill will apply to all criminal offenses currently in statute that do not have a specific *mens rea* . . . .").

criminal offense that is related to knowledge or intent or as to which mens rea could reasonably be applied neither specifies culpability nor plainly imposes strict liability, the element of the offense is established only if a person acts with intent, knowledge, or recklessness." As set forth earlier, MCL 800.281(4) does not "plainly impose" strict liability, nor does it specify culpability. Therefore, the elements of PPCS are "established only if a person acts with intent, knowledge, or recklessness." MCL 8.9(3).

This still leaves the question of which of these three mental states applies to the offense at hand. Defendant argues that, for possessory offenses like PPCS, the applicable culpable mental state should be "knowledge" because it is consistent with the holdings in *Staples*, 511 US at 604 (holding that the statute at issue punished the knowing possession of a weapon by someone who knew it was an automatic weapon), and *Magnant*, 508 Mich at 158 (holding that the statute at issue punished the knowing possession and transportation of cigarettes by someone who knew they lacked the proper license to do so). Defendant further asserts that "[a]pplying a knowledge requirement to possessory offenses stems from a 'universal and persistent' purpose tracing back to common law: 'an injury is criminal only if inflicted knowingly.' " Defendant's Supplemental Brief on Appeal (October 31, 2024) at 19, quoting *Rehaif*, 588 US at 231, in turn citing 4 Blackstone, Commentaries on the Laws of England, p *21.

We disagree. Although applying proof of "knowledge" to PPCS might make logical sense considering the knowledge requirement imposed for other possessory offenses, see, e.g., *Staples* 511 US at 604; *Tombs*, 472 Mich at 458-459 (opinion by KELLY, J.); MCL 333.7403, our interpretation is limited to the plain, unambiguous language of MCL 8.9 and MCL 800.281(4). "Our role as members of the judiciary is not to second-guess [the

16

Legislature's] policy decisions or to change the words of a statute in order to reach a different result." *People v Harris*, 499 Mich 332, 345; 885 NW2d 832 (2016).

Turning to the language of MCL 8.9(3), the statute offers three alternative culpable states: "intent, knowledge, or recklessness." The Legislature's use of the disjunctive term "or" indicates "a disunion, a separation, an alternative." *People v Kowalski*, 489 Mich 488, 499 n 11; 803 NW2d 200 (2011) (quotation marks and citation omitted). Therefore, when applicable—as here—MCL 8.9(3) requires proof of *one* of the three listed culpable states: "intent, knowledge, or recklessness." MCL 8.9 does not provide the authority or establish a procedure for a court to select the most appropriate proof of intent on a case-by-case basis, and we decline to read such language into the statute in the face of its text. See *Harris*, 499 Mich at 356.

Here, there is nothing in the text or context of MCL 800.281(4) that suggests that a culpable state other than the default standard of recklessness is the most appropriate proof of intent.[7] Therefore, to establish a violation under MCL 800.281(4), the prosecution is

---

[7] Of the three culpable mental states, "recklessness" is the least burdensome to establish. MCL 8.9(10) provides the following definitions:

> (b) "Intent" means a desire or will to act with respect to a material element of an offense if both of the following circumstances exist:

> (*i*) The element involves the nature of a person's conduct or a result of that conduct, and it is the person's conscious object to engage in conduct of that nature or to cause that result.

> (*ii*) The element involves the attendant circumstances, and the person is aware of the existence of those circumstances or believes or hopes that they exist.

*   *   *

17

required to prove—at a minimum—that a defendant acted with recklessness. This interpretation is consistent with the plain language and legislative history of MCL 8.9. See House Legislative Analysis, HB 4713 (July 18, 2016), pp 3, 6 (explaining that for purposes of MCL 8.9, recklessness is the "default *mens rea* standard").

We hold that MCL 800.281(4) does not plainly impose strict liability and, therefore, MCL 8.9(3) applies. We further hold that PPCS requires proof of "intent, knowledge, or recklessness."[8] Because defendant entered a no-contest plea based on the trial court's erroneous conclusion that PPCS was a strict-liability offense, we remand this case to the trial court for proceedings that are consistent with this opinion. See MCR 6.310(C)(3).

---

(d) "Knowledge" means awareness or understanding with respect to a material element of an offense if both of the following circumstances exist:

(*i*) The element involves the nature or the attendant circumstances of the person's conduct, and the person is aware that his or her conduct is of that nature or that those circumstances exist.

(*ii*) The element involves a result of the person's conduct, and the person is aware that it is practically certain that his or her conduct will cause that result.

\* \* \*

(f) "Recklessness" means an act or failure to act that demonstrates a deliberate, willful, or wanton disregard of a substantial and unjustifiable risk without reasonable caution for the rights, safety, and property of others.

[8] The prosecution makes several arguments, including that MCL 8.9 is unconstitutionally vague and violates due process, and the prosecution challenges the Legislature's authority to enact such a law. However, the prosecution failed to raise these arguments in the lower courts. Therefore, the prosecution has waived review of these issues on appeal, and we decline to consider them. See *People v Hamacher*, 432 Mich 157, 168; 438 NW2d 43 (1989).

## IV. CONCLUSION

We reverse the decision of the Court of Appeals and remand this case to the trial court for further proceedings that are consistent with this opinion. We do not retain jurisdiction.

Kyra H. Bolden
Megan K. Cavanagh
Richard H. Bernstein
Elizabeth M. Welch
Kimberly A. Thomas

19

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                    No. 165678

CHRISTOPHER LEHMAN TADGERSON,

      Defendant-Appellant.

_____

ZAHRA, J. (*dissenting*).

Defendant pleaded no contest to violating MCL 800.281(4), which provides, in pertinent part, that "a prisoner shall not possess any alcoholic liquor, prescription drug, poison, or controlled substance." This offense—commonly known as being a prisoner in possession of a controlled substance (PPCS)—has two stated elements:

> First, a prosecutor must prove beyond a reasonable doubt that the defendant is, in fact, a "prisoner." Second, a prosecutor must prove beyond a reasonable doubt that the defendant "possessed" a controlled substance (or other item proscribed by [MCL 800.281(4)]), i.e., that the defendant had actual physical control of the controlled substance.[1]

Invoking MCL 8.9, a statutory provision enacted years after MCL 800.281(4), the Court adds an intent element to PPCS. The Court now requires the prosecution to prove that a defendant charged with a violation of MCL 800.281(4) acted with "intent, knowledge, or recklessness." The Court's interpretation of MCL 8.9, which addresses the degree of culpability required for criminal offenses, is not unreasonable, given the unique nature of

---

[1] *People v Ramsdell*, 230 Mich App 386, 392; 585 NW2d 1 (1998).

MCL 8.9, a law addressing *mens rea* in exceedingly general terms.  Nonetheless, I dissent because I conclude that, as applied in conjunction with the crime of PPCS, it is more reasonable to conclude that the Legislature plainly intended MCL 800.281(4), a law addressing conduct within the prison system, to be a strict-liability crime.

The majority's application of MCL 8.9(9) to only a portion of MCL 800.281 is unduly narrow.  MCL 8.9(9) provides that "[t]he mere absence of a specified state of mind for an element of a covered offense shall not be construed to mean that the legislature affirmatively intended not to require the prosecution to prove any state of mind."  The majority opinion applies this provision exclusively to MCL 800.281(4) and disregards that a different subsection of MCL 800.281 does contain an express *mens rea* requirement.  Further, additional indicia typically connoting a required state of mind are notably absent from MCL 800.281(4).

I also find the majority's interpretation of MCL 8.9(2) overly broad.  I agree that a statute that does not expressly specify a requisite state of mind does not always mean that the Legislature did not intend to "plainly impose[] strict criminal liability . . . ."  Yet the plain language of MCL 8.9(2) itself contemplates that some statutes may plainly impose strict liability even in the absence of an express statutory specification of *mens rea*.  To that end, if MCL 800.281(4) does not plainly impose strict liability, I am hard-pressed to believe that any other statute may plainly impose strict liability without an express statement from our Legislature declaring that the statute "is a strict liability offense."

Finally, I disagree with the majority opinion's interpretation of the phrase "plainly imposes."  Although the majority opinion consults dictionary definitions of the terms "plain" and "impose," Michigan's preexisting caselaw provides a far more developed and

2

comprehensive understanding of when a criminal statute imposes strict liability than does the majority's interpretation of MCL 8.9. Primarily, the majority opinion ignores the interaction between MCL 8.9 and the complete context of the underlying statute. In context, the phrase "plainly imposes" refers to caselaw that has long been used by courts to determine when a particular offense plainly imposes strict criminal liability.

In sum, the majority opinion effectively requires that the Legislature affirmatively and expressly state that an offense has no *mens rea* requirement before strict criminal liability can be imposed. I conclude that a more reasonable interpretation of the phrase "plainly imposes" leaves room for consideration of the context of criminal liability statutes and our caselaw interpreting those statutes. For this reason, I dissent.

## I. BASIC FACTS, PROCEDURAL HISTORY, AND GENERAL BACKGROUND

I generally agree with the statement of facts and procedural history and with the applicable standard of review expressed in the majority opinion. In short, a prisoner tossed an item into defendant's cell. A corrections officer immediately approached defendant's cell and found defendant holding the item, which contained a controlled substance. The entire incident was captured on video. Defendant was charged with violating MCL 800.281(4). For context, MCL 800.281 provides in full:

> (1) Except as provided in [MCL 800.282], a person shall not sell, give, or furnish, either directly or indirectly, any alcoholic liquor, prescription drug, poison, or controlled substance to a prisoner who is in or on a correctional facility or dispose of that liquor, drug, poison, or controlled substance in any manner that allows a prisoner or employee of the correctional facility who is in or on a correctional facility access to it.

> (2) Except as provided in [MCL 800.282], a person who knows or has reason to know that another person is a prisoner shall not sell, give, or furnish, either directly or indirectly, any alcoholic liquor, prescription drug,

3

poison, or controlled substance to that prisoner anywhere outside of a correctional facility.

(3) Except as provided in [MCL 800.282], a person shall not bring any alcoholic liquor, prescription drug, poison, or controlled substance into or onto a correctional facility.

(4) Except as provided in [MCL 800.282], a prisoner shall not possess any alcoholic liquor, prescription drug, poison, or controlled substance.

Defendant filed a motion in limine requesting that the court instruct the jury on *mens rea*. The trial court denied the motion. Following an unsuccessful interlocutory appeal,[2] defendant entered a conditional no-contest plea to the charged offense, preserving defendant's right to challenge on appeal the issue concerning whether MCL 800.281(4) is a strict-liability crime. Defendant sought leave to appeal in the Court of Appeals. The Court of Appeals granted leave[3] and later affirmed the trial court's decision in a published opinion.[4]

Defendant sought leave to appeal in this Court. We granted oral argument on the application primarily to consider whether the offense of PPCS, MCL 800.281(4), is a strict-liability offense or should be construed as having a scienter requirement or *mens rea*

---

[2] *People v Tadgerson*, unpublished order of the Court of Appeals, entered March 18, 2021 (Docket No. 356035).

[3] *People v Tadgerson*, unpublished order of the Court of Appeals, entered March 18, 2022 (Docket No. 360094).

[4] *People v Tadgerson*, 346 Mich App 104, 107; 11 NW3d 309 (2023).

4

element.[5]  We also asked the parties, assuming that PPCS is not a strict-liability offense, to address what form of scienter requirement or *mens rea* element applies.[6]

MCL 8.9(2) was enacted and given immediate effect on December 22, 2015, though it applies only to crimes committed on or after January 1, 2016.[7]  Defendant committed the PPCS offense in March 2020.  There is no dispute that, had MCL 8.9(2) not been enacted, PPCS would be considered a strict-liability offense under *Ramsdell*.[8]

MCL 8.9 provides, in relevant part:

> (1) Except as otherwise provided in this section, a person is not guilty of a criminal offense committed on or after January 1, 2016 unless both of the following apply:
>
> (a) The person's criminal liability is based on conduct that includes either a voluntary act or an omission to perform an act or duty that the person is capable of performing.
>
> (b) The person has the requisite degree of culpability for each element of the offense as to which a culpable mental state is specified by the language defining the offense.
>
> (2) If the statutory language defining a criminal offense does not specify any degree of culpability and plainly imposes strict criminal liability for the conduct described in the statute, then culpability is not required for a person to be guilty of the offense.  The fact that a subsection of a statute plainly imposes strict liability for an offense defined in that subsection does not by itself plainly impose strict criminal liability for an offense defined in another subsection of that statute that does not specify a degree of culpability.

---

[5] *People v Tadgerson*, 513 Mich 1119, 1119 (2024), citing MCL 8.9, *Ramsdell*, 230 Mich App 386, *People v Tombs*, 472 Mich 446; 697 NW2d 494 (2005), and *People v Magnant*, 508 Mich 151; 973 NW2d 60 (2021).

[6] *Tadgerson*, 513 Mich at 1119.

[7] See 2015 PA 250.

[8] *Ramsdell*, 230 Mich App at 392.

5

* * *

(9) The mere absence of a specified state of mind for an element of a covered offense shall not be construed to mean that the legislature affirmatively intended not to require the prosecution to prove any state of mind.

## II. ANALYSIS

There is no dispute here that MCL 800.281(4) does not specify any degree of culpability. The question is whether MCL 800.281(4) "plainly imposes" strict criminal liability for the conduct described in the statute. The majority highlights that MCL 8.9(9) provides that "[t]he *mere absence* of a specified state of mind for an element of a covered offense shall not be construed to mean that the legislature affirmatively intended not to require the prosecution to prove any state of mind." (Emphasis added.) Applying this provision, the majority concludes that "the 'mere absence' of the culpable mental state in MCL 800.281(4) is insufficient to construe PPCS as a strict-liability offense." I disagree.

I believe the majority opinion goes astray by placing too much emphasis on the absence of an express "specified" "culpable mental state in MCL 800.281(4) . . . ." The prosecution does not rely on the "mere" absence of a *mens rea* but on that absence in combination with the presence of explicit *mens rea* elements in other sections of the same statute. After all, MCL 8.9(9) refers to the "mere absence," and "mere" is commonly defined as "being nothing more nor better than what is specified[.]"[9] Here, there is more than a mere absence of an explicit culpability requirement. There are several indicators

---

[9] *Random House Webster's College Dictionary* (1997).

that support a construction "that the legislature affirmatively intended not to require the prosecution to prove any state of mind."[10]

First, MCL 8.9(2) expressly contemplates the consideration of "statutory language" in a manner that encompasses every "subsection" of the relevant statute. In other words, statutory analysis under MCL 8.9(2) requires the underlying statute's subsections to be considered together and in reference to one another. Here, *mens rea* is required in one subsection of the underlying statute, MCL 800.281(2).[11] This means that the Legislature contemplated *mens rea* when enacting MCL 800.281.[12] "Where a legislature includes particular language in one section of a statute but omits it from another section of the same or a related act, it generally acts intentionally and purposely in the disparate inclusion or exclusion."[13] That the Legislature provided a *mens rea* requirement for one subsection but not the others suggests that there is more than a "mere absence" of a specified state of mind for MCL 800.281(4).

MCL 800.281(2) provides that a "person who knows or has reason to know that another person is a prisoner shall not sell, give, or furnish, either directly or indirectly, any alcoholic liquor, prescription drug, poison, or controlled substance to that prisoner

---

[10] MCL 8.9(9).

[11] MCL 800.281(2) ("[A] person *who knows or has reason to know* that another person is a prisoner shall not sell, give, or furnish, either directly or indirectly, any alcoholic liquor, prescription drug, poison, or controlled substance to that prisoner anywhere outside of a correctional facility.") (emphasis added).

[12] "Merely" is commonly defined as "nothing more than : ONLY." Merriam-Webster.com Dictionary, merely <https://www.merriam-webster.com/dictionary/merely> (accessed July 6, 2025) [https://perma.cc/2LGR-BQEH].

[13] 3 Singer, Sutherland Statutory Construction (8th ed, November 2024 update), § 59:9.

anywhere outside of a correctional facility." Even if MCL 800.281(2) had not expressly provided a knowledge requirement, a *mens rea* requirement would likely be necessary under our common law, regardless of MCL 8.9. Selling, giving, or furnishing[14] contraband is not altogether different from distribution,[15] and I conclude that the indirect[16] selling, giving, or furnishing of contraband requires some criminal intent to accomplish those acts. For that same reason, I conclude that MCL 800.281(1) must have a *mens rea* requirement under our common law as well. MCL 800.281(1) provides, in pertinent part, that "a person shall not sell, give, or furnish, either directly or indirectly, any alcoholic liquor, prescription drug, poison, or controlled substance to a prisoner who is in or on a correctional facility or dispose of that liquor, drug, poison, or controlled substance in any manner that allows a prisoner or employee of the correctional facility who is in or on a correctional facility access to it." Again, this likely requires some criminal intent to accomplish those acts.

---

[14] As stated in *Tombs*, 472 Mich at 457 (opinion by KELLY, J.), "[t]he use of these active verbs supports the presumption that the Legislature intended that the prosecution prove that an accused performed the prohibited act with criminal intent."

[15] *Id*. ("The most applicable dictionary definition of 'distribute' implies putting items in the hands of others as a knowing and intentional act.").

[16] *Black's Law Dictionary* (12th ed) defines "possession" in terms of "mediate possession" as follows:

> Possession of a thing through someone else, such as an agent. • In every instance of mediate possession, there is a direct possessor (such as an agent) as well as a mediate possessor (the principal). — Also termed *indirect possession*.
>
> "If I go myself to purchase a book, I acquire direct possession of it; but if I send my servant to buy it for me, I acquire mediate possession of it through him, until he has brought it to me, when my possession becomes immediate." John Salmond, *Jurisprudence* 300 (Glanville L. Williams ed., 10th ed. 1947). [*Black's Law Dictionary* (12th ed), p 1409.]

But MCL 800.281(4) stands in stark contrast to MCL 800.281(1) and (2). First, unlike those provisions, MCL 800.281(4) does not concern the direct or indirect distribution of contraband, which connotes a criminal intent to accomplish a result, and it does not allow for an actor to indirectly possess contraband. It is far more straightforward, stating that "a prisoner shall not possess any . . . controlled substance."

This point is significant in that MCL 800.281(4), unlike MCL 800.281(1) and (2), does not prohibit the indirect possession of contraband. Rather, it requires actual possession. Indeed, it is for this reason that MCL 801.263 (relating to prisoners possessing contraband in jails) is not considered a strict-liability offense even though its elements are nearly identical to MCL 800.281(4), with one notable difference. MCL 801.263 provides:

> (1) Except as provided in [MCL 801.264], a person shall not bring into a jail, a building appurtenant to a jail, or the grounds used for jail purposes; sell or furnish to a prisoner; or dispose of in a manner that allows a prisoner access to an alcoholic liquor or controlled substance, any alcoholic liquor or controlled substance.
>
> (2) Except as provided in [MCL 801.264], a prisoner shall not possess *or have under his or her control* any alcoholic liquor or controlled substance. [Emphasis added.]

The emphasized language is significant to determining whether MCL 801.263 is a strict-liability crime even though it does not contain an express *mens rea* requirement. Had MCL 800.281(4) contained this same language, I would be more inclined to agree with the majority that MCL 800.281(4) does not "plainly impose[]" strict liability. But unlike MCL 801.263, which has been interpreted to include a *mens rea* component,[17] MCL 800.281(4)

---

[17] M Crim JI 13.25 is the model criminal jury instruction applied to MCL 801.263. It lists the elements of this offense as:

9

is narrower and not amenable to a "constructive control" theory of possession that would support the conclusion that MCL 800.281(4) is not a strict-liability offense.

Second, as the Court of Appeals noted in *Ramsdell*,

> there is a straightforward reason, requiring no great amount of thought or interpretation, for imposing a different, and stricter, standard on prisoners than on the general population: prisoners in correctional facilities are, after all, convicted criminals whose liberty is restricted by law and who are confined, after all, in the controlled, but often volatile, environment of a state prison. To require a *knowing* possession of drugs as an element of the crime for the general populace while omitting such a requirement for prisoners is, when viewed in this context, indeed sensible.[18]

Third, reflection upon all the subsections of MCL 800.281 reveals that the subsections distinguish between criminal actors who are *persons and prisoners*; whether the actor may act *directly or indirectly*; whether the actor *possesses* contraband as opposed to *selling, giving, or furnishing* contraband to prisoners; and whether the actor's criminal conduct occurs *inside or outside of the prison grounds*. In my view, all these distinctions are relevant to whether the Legislature intended MCL 800.281(4) to be a strict-liability

---

(1) The defendant is charged with possessing [alcohol / a controlled substance] while a prisoner in jail. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant was a prisoner in the [*identify facility*] jail.

(3) Second, that the defendant *knowingly possessed* [alcohol / (*identify controlled substance*), which is a controlled substance under Michigan law]. [Use note omitted; second emphasis added.]

See also *People v Litherland*, unpublished per curiam opinion of the Court of Appeals, issued March 21, 2013 (Docket No. 310642), p 2.

[18] *Ramsdell*, 230 Mich App at 394.

offense. The only subsection that imposes a *mens rea* requirement involves persons that sell, give, or furnish contraband, either directly or indirectly, to prisoners outside of the prison grounds.[19] In contrast, MCL 800.281(4) relates only to prisoners who actually possess contraband in the prison. In sum, not only does MCL 800.281(4) not expressly provide a *mens rea* requirement while another subsection does expressly provide a *mens rea* requirement, but all the indicia that typically connote a required state of mind are notably absent from MCL 800.281(4). In other words, if MCL 800.281(4) is construed to necessitate a *mens rea* requirement, I question whether any statute may impose strict liability without an express and affirmative statement that the Legislature intended the statute to impose strict liability.

The majority opinion is overly broad because it fails to appreciate that a statute may plainly impose strict liability even if that imposition is not explicit. MCL 8.9(2) states, in part, that "[i]f the statutory language defining a criminal offense does not specify any degree of culpability and plainly imposes strict criminal liability for conduct described in the statute, then culpability is not required for a person to be guilty of the offense." In doing so, MCL 8.9(2) clearly recognizes that a criminal statute may "plainly impose[]" strict liability even if it does not specify any degree of culpability. The majority opinion forecloses this distinct possibility by holding that silence about culpability and strict liability necessarily means that the default *mens rea* in MCL 8.9(3) applies.

The Court reaches this conclusion by consulting dictionaries to define the terms "plain" and "impose." I disagree with the majority opinion's interpretation of this phrase.

---

[19] MCL 800.281(2).

11

Rather, I agree with the Court of Appeals that the phrase "plainly imposes" incorporates and codifies caselaw principles that have long been used by courts to determine when a particular offense plainly imposes strict criminal liability.[20] Legislative codification of a judicially defined requirement without the Legislature defining it (here, the phrase "plainly imposes") itself gives rise to a logical conclusion of a legislative intent to adopt the judiciary's construction of that requirement.[21] Further, this Court has never imposed strict criminal liability when it was not "plain" that the Legislature intended to "impose" strict criminal liability. We have long held that some indication of legislative "intent, express or implied, is required to dispense with *mens rea* as an element of a crime."[22] Further, as traceable to the common law, there exists a longstanding presumption that unless otherwise reflected in a statute, the Legislature intends for a defendant to possess a culpable mental state relative to the statutory elements that criminalize otherwise innocent conduct.[23] The additional clarity required in any given case to overcome this presumption is essentially what is required to impose strict liability.[24] Thus, contrary to the implication advanced in

---

[20] *Tadgerson*, 346 Mich App at 118.

[21] *People v Morris*, 314 Mich App 399, 409; 886 NW2d 910 (2016).

[22] *Tadgerson*, 346 Mich App at 114, quoting *Tombs*, 472 Mich at 455 (opinion by KELLY, J.), in turn quoting *Staples v United States*, 511 US 600, 606; 114 S Ct 1793; 128 L Ed 2d 608 (1994) (quotation marks and emphasis omitted).

[23] *Magnant*, 508 Mich at 167.

[24] The majority claims that my "interpretation of MCL 8.9 would render MCL 8.9 useless." That is not true. The Legislature's decision to codify these longstanding caselaw principles means that courts, including this Court, can no longer deviate from those principles. MCL 8.9 roots these caselaw principles in positive law. Moreover, my opinion itself provides an example of when MCL 8.9 would apply and require an element of *mens rea*: MCL 801.263. However, MCL 801.263 differs from MCL 800.281(4) because MCL 801.263

the majority opinion, MCL 8.9 was not enacted to bring about a sea change regarding the level of certainty required to conclude that an offense imposes strict liability.

## III. CONCLUSION

Considering MCL 8.9 and the full context of MCL 800.281, I conclude that the Legislature plainly imposed strict liability for PPCS.  If MCL 800.281(4) is not a strict-liability offense, it is hard to imagine any offense for which the Legislature intended to plainly impose strict liability without expressly saying as much in the statute.  Accordingly, I dissent.

Brian K. Zahra

HOOD, J., did not participate because the Court considered this case before he assumed office.

---

does not include *mens rea* language in one subsection of the statute that is omitted from another subsection.  See Sutherland, § 59:9.